ELLIS, Judge,
This record, containing a joint stipulation supplementing the transcript, shows that in 1952 the East Baton Rouge School Board embarked upon an expansion program including the purchase of a number of school sites, among them a 14.18-acre tract owned by Ralph M. Ford.
The Board offered Ford a price of $3,500 per acre or approximately $49,000 for his property, while Ford asked $6,600 an acre, or some $93,000.
An expropriation proceeding under the provisions of the LSA-Revised Statutes 19:1 et seq., was filed November 18, 1953. Further negotiations between the Board and *21 Ford were had, which resulted in a njeet-ing between them together with appraisers employed by Ford, and before the suit was tried a final market yalue of $77,000 was agreed to by the parties. The Board authorized this purchase and Ford signed and executed an act of sale receiving the consideration mentioned, with a stipulation between the' parties at the time of the sale reading:
.“After the said agreement as to' value was reached, the defendant signed and executed the Act of Sale and received the consideration therefor, with the stipulation between plaintiff and defendant that such action would not prejudice his right to claim the costs of his appraisers’ fees as costs in this matter.”
The Board, shortly after, by motion, suggested to the Court that it had decided to dismiss its suit, and requested that costs be fixed. A rule nisi issued and Ford answered, requesting that the' fees due his expert witnesses for preparing to testify on the trial be fixed and taxed as costs against the School Board.
Upon trial of this rule the School Board was taxed with the fees due the experts, and judgment was signed to such effect, dismissing the suit.
From this judgment the School Board has appealed.
The only amount in dispute is the amount of the appraisers’ fees, together with the costs herein, totalling $1,250.
The appellant contends that the Lower Court in taxing the fees of Ford’s expert witnesses for preparing to testify is unwarranted and lacking in any legal justification.
• On the other hand the appellee maintains that in order to prepare his case these experts were employed to prepare themselves to testify and they would have done so except that the suit was dismissed by the School Board and the sale was made without prejudice of his rights to recover expert witness fees. It is urged that the agreement as to the value of the property involved'was not a compromise of the law suit but merely an agreement as to the market value of the property, and but for the sale, the experts would have testified and as a matter- of fact they did appear and testify on the trial of the rule herein.
This Court held in Lotz v. Polizzotto, 161 So. 901, that the fees of an expert witness could be taxed as costs where the expert rendered service before the suit was tried, but did not testify because it was dismissed. In that case we came to the conclusion that the plaintiff dismissed the suit partly because she anticipated the expert would testify against her contentions if the case was tried. In the present case the expert witnesses met with the School Board, and it can be concluded that mainly because of their opinion as to the fair market value of the property, the School Board raised its offer to a sum Ford was willing to accept. Further, as shown upon the trial of the rule, the experts thoroughly prepared themselves to testify if the expropriation suit was tried.
The Supreme Court, in Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, 392, stated the rule in expropriation suits as follows:
“To give to Act 135 of 1936 the effect presently contended for by the attorneys for the Highway Commission would make it unconstitutional, because it is provided in Section 2 of Article 1 of the Constitution of 1921 that private property cannot be taken or damaged for public purposes without just and adequate compensation being paid therefor. This constitutional provision clearly contemplates that the class of expenses usually taxed as costs should be included as an element of the owner’s damage, although it may be conceded that the statutes as to costs involved in civil actions do not apply.”
The Supreme Court in this case quoted from other authorities, viz:
“ ‘To hold that the owner must pay his own costs in resisting attempts to *22 take his land against his consent, without first paying adequate and just compensation therefor, would nullify to a certain extent this constitutional guaranty, and result in giving him less than just compensation for his property. The constitutional provision means that he shall receive just compensation for his property, and not that the just compensation assessed by a jury shall be diminished to the extent of his costs. The provision was designed for the benefit of the landowner, and should be construed so as to give him its benefit to the full extent.’ ”
“ ‘It cannot have been the purpose of the framers of the constitution that a person compelled to surrender his property for public uses shall have any less as compensation therefor than a full equivalent measured by all reasonable rules. That must include all necessary expenses incurred by him in the enforcement of his rights, which are taxable according to law. He must have in the end a full, just compensation for his property. It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in collecting the award, which are ordinarily taxable by the rules of law in favor of the prevailing party in an action or proceeding to make his judicial remedy effective. That- is the true constitutional measure of his rights.’ ”
While the usual rule is that neither a State nor its agencies can be compelled to pay interest or costs other than those incurred from taking testimony, an exception to this is found where property is taken or damaged for a public purpose. This rule is clearly set forth in Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605, Brasher v. City of Alexandria, 215 La. 887, 41 So.2d 819, and Gulf Shipside Storage Corporation v. Thames, 217 La. 128, 46 So.2d 62, 66. In the last cited case our Supreme Court stated:
" * * * but it is now firmly established that the State and its political subdivisions are exempt from payment not only of their own costs but also for costs expended by litigants successfully prosecuting claims against them, except in expropriation proceedings." (Emphasis added.)
The appellant does not contend the School Board would not be liable for these costs if the case had been tried nor does it question the correctness of the fee charged by the experts. The fees involved were a necessary expense of Ford for which he obligated himself to further the enforcement of his rights, and we are of the opinion that by agreeing to the stipulation wherein the defendant reserved his right to claim the costs of his appraisers’ fees the Board estopped itself from resisting these claims.
The judgment of the District Court is affirmed.