161 So.2d 274

ORLEANS PARISH SCHOOL BOARD

v.

Mrs. Dorothy DORSETT, the Widow of Joe W. BROWN.

No. 46895.

Feb. 28, 1964.

Solomon S. Goldman, New Orleans, Edward M. Carmouche, John A. Bivins, Harry E. Barsh, Jr., Lake Charles, for defendant-applicant.

Samuel I. Rosenberg, New Orleans, for plaintiff-respondent.

McCALEB, Justice.

This is an expropriation suit in which the Orleans Parish School Board seeks to secure a 25-acre parcel of ground located in the Gentilly section of New Orleans for the purpose of erecting a high school. Defendant landowner resisted the demand on the ground that the expropriation of her property was unnecessary and that, in any event, all of the property sought to be taken was not needed.

After a trial on this issue in the district court it was found that 15 acres of the land would adequately serve the purposes for which it was to be taken. Later, judgment was rendered fixing the value of the 15 acres at $10,000 per acre and it was further decreed that defendant would suffer severance damages of $2,000 per acre

to the remaining 26 acres of the tract from which the 15 acres were to be taken.

Conformably with this judgment, plaintiff deposited $202,000 in the Registry of the Court and secured a devolutive appeal to the Court of Appeal, Fourth Circuit. In that court, the judgment was amended by granting plaintiff's demand for the 25 acres sought to be expropriated and by reducing the value of the land taken to $7,500 per acre and the severance damages to the remaining 16 acres of the tract to $1,000 per acre. Thus, the Court of Appeal rendered a total judgment of $203,500 ($187,500 for the land to be taken and $16,000 severance damages) and further ordered that defendant landowner pay the costs in both courts. See Orleans Parish School Board v. Brown, La.App., 154 So.2d 545.

From this adverse decision defendant applied here for certiorari and a writ was granted but limited to the question of assessment of costs against defendant.

There can be no doubt that the Court of Appeal incorrectly assessed court costs against defendant. Although R.S. 13:4521 relieves public boards from the payment of court costs, except stenographers' costs for taking testimony, it is well settled that this provision is without application to costs expended by defendants in condemnation cases (see Westwego Canal & Term. Co. v. Louisiana Highway Comm., 200 La.

990, 9 So.2d 389), unless tender of the true value of the property has been made before proceeding to a forced expropriation. R.S. 19:12; State v. Barineau, 225 La. 341, 72 So.2d 869 and Housing Authority of New Orleans v. Polmer, 231 La. 452, 91 So.2d 600.

In this Court, counsel for plaintiff acknowledges, as he must, the force of the

foregoing jurisprudence and has conceded that the Court of Appeal erred in casting the defendant for costs.

The judgment of the Court of Appeal, insofar as it condemned defendant to pay costs, is annulled and reversed and it is now ordered that all taxable costs incurred in these proceedings in all courts be paid by plaintiff.