LANDRY, Judge.
The sole issue presented by this appeal taken by plaintiff, State of Louisiana, Through the Department of Highways (sometimes hereinafter referred to simply as “Department”), is whether the fees of expert witnesses (in this instance appraisers engaged by defendant landowner in an expropriation proceeding against him) may be taxed as costs notwithstanding amicable compromise of the action before trial rendered their appearance unnecessary.
The facts giving rise to this litigation are not in dispute. Plaintiff-appellant instituted suit against defendant, Ben Salemi, to expropriate certain property belonging to said appellee for use by the Department in the construction of a highway. Simultaneously the Department deposited the sum of $29,500.00 in the registry of the district court as its initial estimate of just compensation *538 due defendant for the property to be expropriated. Thereafter, the case was set for trial but upon review and reappraisal of its original estimate of value the Department and defendant-landowner reached mutual agreement to amicably terminate the suit conditioned upon payment to landowner of the additional sum of $5,500.00, making a total of $35,000.00. Predicated on the aforesaid agreement plaintiff and defendant filed a joint petition in the trial court wherein appellant agreed to pay appellee the sum of $35,000.00 and defendant acknowledged he had no desire to contest said award. Pursuant to the aforementioned compromise agreement the lower court, without trial, contest or the calling of any witnesses, entered judgment in accordance with the settlement.
Paragraph 3 of the compromise agreement entered into by the parties concludes with the following: “all costs of these proceedings to be paid by plaintiff.” In accordance with the foregoing the trial court judgment decreed “that the plaintiff, the State of Louisiana, through the Department of Highways, pay all costs of these proceedings.”
After rendition of the judgment disposing of the action in accordance with the compromise agreement, defendant ruled plaintiff into court to show cause why the fees of two appraisers engaged by appellee, aggregating the sum of $1,000.00, should not be taxed as costs and paid by the Department. The trial court made the rule absolute, fixed the fees of the experts at $500.00 each, taxed said items as costs and ordered their payment by plaintiff. It is from this judgment that the Department appeals.
Compensation payable to expert witnesses for appearances in court and the assessment of their fees is provided for by LSA-R.S. 13 :3666 which, as amended by Act 114 of 1960, reads as follows:
“§ 3666. Compensation of expert witnesses
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the. amount of the fees of said expert witnesses which are to be taxed as costs-to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause. As amended Acts 1960, No. 114, § 1.
In interpreting the statute and its predecessor, Act 19 of 1884, the Supreme Court of our State has held that, to be entitled to the additional compensation allowed an expert witness, the witness must appear and testify considering the statute itself provides the additional fee is payable to “witnesses called to testify.” Suthon v. Laws et al., 132 La. 207, 61 So. 204. To the same effect see Cox v. East Baton Rouge Parish School Board, Ct. of App. 1st Cir., 165 So. 2d 667.
While the opinion rendered in State, Through Dept. of Highways v. Barineau, 225 La. 341, 72 So.2d 869, left some doubt whether the fees of appraisers called as experts by a landowner in an expropriation proceeding brought against him were properly assessed as an element of damages or costs, all uncertainty with respect to the question has now been resolved. In the *539 recent case of State of Louisiana, Through the Department of Highways v. Jones, 243 La, 719, 146 So.2d 414, the Supreme Court settled the question for all time by expressly decreeing the fees of experts produced by a landowner in an expropriation proceeding are “costs” as distinguished from ‘“damages” and as such, do not bear interest.
The precise issue presented herein is whether the fees of defendant’s experts may be taxed as costs against plaintiff, who •assumed the payment of costs, despite the fact said witnesses did not testify because the matter was compromised prior to trial •thus obviating the need for their testimony.
Learned counsel for appellee maintains the trial court correctly taxed the fees in ■question as costs against appellant on the authority of East Baton Rouge Parish School Board v. Ford, La.App., 76 So.2d 20, which appellee argues is authority for the proposition that such fees may be assessed against an expropriating authority even though the condemnation proceeding is compromised and does not go to trial. Our careful consideration of the cited authority reveals it is factually inapposite to the case at bar. It appears the agreement which terminated the litigation in the Ford •case, supra, provided that plaintiff was to pay all costs and expressly reserved to the ■defendant the right to claim his expert witnesses’ fees as costs. In the instant case the compromise agreement appearing of record contains no such reservation — it ■merely provides in essencé that plaintiff is .to pay all costs of these proceedings.
We do not agree with the contention of counsel for appellee that a party ■decreed liable for costs predicated upon an amicable compromise wherein the litigant held responsible expressly assumes the obligation of paying costs is a party cast. The party “cast” in a legal proceeding is the one against whom judgment is rendered. A matter terminated by amicable compromise does not “cast” either litigant in the sense that one party prevails over the other. A judgment of the court decreeing a particular litigant liable for costs in pursuance of a mutual agreement of settlement wherein one party accepts liability for costs as one of the conditions of the agreement, does not render such party liable for costs as a party cast but merely constitutes judicial recognition and enforcement of the terms of the compromise.
We are. likewise referred to Cox v. East Baton Rouge Parish School Board, La.App., 165 So.2d 667, wherein this court held a political subdivision of the State, namely, a School Board, was liable for the fees of certain expert witnesses, who did not testify in an action upon a contract, pursuant to the terms of a compromise agreement which settled all the issues between the parties and also stipulated that the fees of the experts would be taxed against the parties who would have been liable therefor had the matter gone to trial. Said case, however, is likewise, inapplicable to the case at bar inasmuch as the settlement before us contains no similar provision with respect to payment of expert witnesses’ fees but rather is silent on the subject matter.
Able counsel for appellee further contends that since the judgment of the court below decreed appellant liable for costs, appellant was “cast” in judgment therefor pursuant to LSA-C.C.P.1920, appellee was within his rights in ruling plaintiff into court to tax said fees as costs.
Assuming arguendo, appellant was in fact a party cast by the judgment rendered on the strength of the aforementioned compromise agreement, appellee is entitled to judgment only for such costs as are allowed by law or expressly assumed by appellant in the covenant which terminated the litigation.
As hereinabove previously noted, the terms of the applicable statute, LSA-R.S. 13:3666, and the jurisprudence interpretative thereof, clearly establish our law to be that expert witnesses’ fees may be assessed as an item of costs only in those *540 instances wherein either the witnesses are called to testify in court, or the party sought to be held for such costs assumes payment thereof in a compromise agreement entered into for the purpose of avoiding a trial on the merits. In the instant case neither such requirement is met.
We conclude, therefore, our esteemed brother below erred in taxing the fees of defendant’s experts who did not testify as costs payable by appellant.
Accordingly, it is ordered, adjudged and decreed the judgment of the trial court in favor of defendant, Ben Salemi, in the sum of $1,000.00 be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of appellant, State of Louisiana, Through the Department of Highways, and against said defendant, Ben Salemi, recalling and setting aside the rule to show cause issued by the Honorable Nineteenth Judicial District Court, East Baton Rouge Parish, on November 25, 1964. All costs of these proceedings to be paid by defendant, Ben Salemi.
Reversed and rendered.
On Rehearing
In our initial decision herein we held that expert appraisers’ fees incurred by appellee, Ben Salemi, defendant in an expropriation proceeding instituted by appellant, State of Louisiana, Through the Department of Highways (sometimes hereinafter referred to simply as “The Department”), were not recoverable under an amicable compromise agreement which terminated the litigation thereby obviating the necessity of such witnesses testifying, notwithstanding such compromise agreement obligated the Department to pay “all costs” of the expropriation proceeding.
Believing we may have fallen into error in so concluding, we have granted a rehearing in this matter to further consider the stated issue.
Our original opinion was predicated on LSA — R.S. 13:3666, as amended by Act 114 of 1960, which provides that expert witnesses fees are not taxable as costs unless the witnesses are called to testify at the trial of the cause. We also decline to apply the rule enunciated in East Baton Rouge Parish School Board v. Ford, La.App., 76 So.2d 20, because we found the cited authority distinguishable from the case at bar in that in the Ford case, supra, the compromise agreement terminating the litigation expressly provided for payment of expert witness fees whereas in the present matter the agreement provided merely that the Department was to pay costs.
Further deliberation, however, convinces us we were in error in concluding as above indicated. We now perceive that our error resulted from failure to apply that line of jurisprudence which excepts from the general rule relieving the state of liability from costs, those expenses incurred by a landowner in the successful defense of an expropriation proceeding.
Ordinarily, neither the state nor any of its political subdivisions may be required» to pay any court costs other than stenographer’s fees in a judicial proceeding, unless otherwise expressly provided by law. LSA-R.S. 13 :4521; Gulf Shipside Storage Corp. v. Thames, 217 La. 128, 46 So.2d 62.
An exception to the foregoing rule, however, exists with respect to expropriation proceedings. Gulf Shipside Storage Corp. v. Thames, supra.
In expropriation proceedings the state is liable for all costs incurred by the landowner in resisting the taking of his property for public purposes, unless tender of the true value of his property is made before proceedings are instituted to condemn the property. LSA-R.S. 19:12; State Through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869, and cases therein cited.
The rationale of the foregoing exception is predicated upon the constitutional *541 guarantee of payment of just compensation (true value) to all persons whose properties are expropriated for public purposes. In Westwego Canal & T. Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, (which involved application of Act 135 of 1936, the counterpart of present LSA-R.S. 13:4521), it was contended on behalf of the state that the expropriating authority was not liable for costs incurred by the landowner. In deciding the issue adversely to the state’s contention the Supreme Court stated:
“To give to Act 135 of 1936 the effect presently contended for by the attorneys for the Highway Commission would make it unconstitutional, because it is provided in Section 2 of Article 1 of the Constitution of 1921 that private property can not be taken or damaged for public purposes without just and adequate compensation being paid therefor. This constitutional provision clearly contemplates that the class of expenses usually taxed as costs should he included as an element of the owner’s damage, although it may be conceded that the statutes as to costs involved in civil actions do not apply. See 20 C.J., § 507, p. 1133; 30 C.J.S., Eminent Domain, § 381. One of the cases cited in support of this proposition is Petersburg School Dist. v. Peterson, 14 N.D. 344, 351, 103 N.W. 756, 759, in which the reason for the rule is stated as follows: ‘To hold that the owner must pay his own costs in resisting attempts to take his land against his consent, without first paying adequate and just compensation therefor, would nullify to a certain extent this constitutional guaranty, and would result in giving him less than just compensation for his property. The constitutional provision means that he shall receive just compensation for his property, and not that the just compensation assessed by a jury shall be diminished to to the extent of his costs. The provision was designed for the benefit of the landowner, and should be construed so as to give him its benefit to the full extent.’ ”
We note the principle enunciated in Westwego Canal & T. Co., supra, has been followed by the Supreme Court in numerous subsequent instances. State Through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869; Housing Authority of New Orleans v. Polmer, 231 La. 452, 91 So. 2d 600; Orleans Parish School Board v. Brown, 245 La. 792, 161 So.2d 274.
In our original opinion we concluded that pursuant to LSA-R.S. 13 :3666 fees of experts were not taxable unless they were called to testify. While this is certainly true as a general rule, this particular statute must be deemed inapplicable to expropriation proceedings for the same reasons LSA-R.S. 13:4521 has been held ineffective in condemnation actions.
As pointed out in our initial decision, appellant herein did not deposit at the time of filing suit the true value of appellee’s property. Subsequent to institution of the expropriation proceeding a compromise agreement was reached between the parties wherein an additional sum was paid by appellant and in which appellant also agreed to pay all costs.
In view of the jurisprudence applying the constitutional mandate requiring payment of just compensation in expropriation proceedings, we now conclude the agreement of the state to pay “all costs in these proceedings” in such an action can only mean all such costs which the property owner must receive to make him whole and insure recovery of his just measure of damages which means the undiminished value of his property. Any other interpretation would contravene the provisions of Louisiana Constitution of 1921, Article 1, Section 2, requiring payment of just and adequate compensation for property taken for public purposes. All such costs, therefore, to which the property owner is put such as expenses incurred for surveys, maps, and plans necessary to enable him to make out his case are recoverable. Westwego Canal & T. Co. v. Louisiana Highway Commis *542 sion, 200 La. 990, 9 So.2d 389, and cases therein cited.
That the experts whose fees were taxed against appellant as costs did not testify is a matter of no moment in a suit of this character. They were in fact incurred by the landowner and taxed as costs by the trial court pursuant to a rule duly filed and tried. No contention is made herein that the amounts assessed by the trial court are excessive. The only issue made by appellant before this court is that such fees are not taxable as costs herein as a matter of law because the witnesses did not testify. This argument is found to be without merit for the reasons hereinabove set forth.
Accordingly, the judgment herein previously rendered reversing the judgment of the trial court is hereby annulled, reversed and set aside and judgment rendered herein affirming the decision of the trial court at appellant’s costs.
Affirmed.