BAILES, Judge
(dissenting) :
The majority holds in this case where the State did not make a tender of the true value of the property to the owner before instituting expropriation proceedings, the State must pay all costs which are fixed by statute and ordinarily taxable to the losing litigant, and specifically herein the clerk of court court costs in the sum of $2,283. The majority holds R.S. 13:4521, quoted in full in the majority opinion supra, “has no application whatsoever to an expropriation proceeding.”
The only exception provided by statutory law to the exemption of the State, and its subdivisions, from the payment of court costs, is the payment of stenographers’ costs for taking testimony. See R.S. 13 :- 4521. There is one additional exception to this exemption of the State, and its sub-divisons, from the payment of court costs. This is a narrow and restricted exception to the general rule. It has application in» expropriation proceedings wherein the-State has made a tender of an amount of' compensation found to be less than the-true value of the property expropriated. This exception was recognized and created' jurisprudentially. This rule holds that if’ the court awards the defendant-owner a? sum in compensation for the taking of his property in excess of the amount tendered, the expropriating State Agency must pay to the Defendant-owner the reasonable costs he incurs in proving his case.
The reasoning which gave rise or existence to this jurisprudential exception is-well grounded. Article I, Section 2 of the Louisiana Constitution of 1921, provides:.
“ * * * Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
In the case of a private property owner-having to suffer expropriation of his property, if he is not paid without expense to-him the just and adequate compensation for his property then he is paid something less than its true value. When a defendant-owner is forced, because of the inadequacy or insufficiency of the tender of compensation, to seek redress in a court of law, and is not paid the reasonable costs incurred to prove what just and adequate compensation is, he is denied what the constitution-has guaranteed to him.
The reason for this exception is more perfectly said in the case of Stolze v. Milwaukee, etc., R. Co., 113 Wis. 44, 59, 88 N.W. 919, 924, 90 Am.St.Rep. 833, wherein the court stated:
“The subject of whether the necessary costs incurred by a person in efforts to obtain a just compensation for property sought to be taken from him- for public purposes by the power of eminent domain, form a part of such compensation and must be paid or tendered before he can be deprived of his prop *727 ■erty, has received attention in many ■courts and by eminent text writers. In .2 Lewis, Em.Dom. (2d Ed.) § SS9, the opinion is expressed and well supported 'by authority, that any law which casts the burden upon the landowner of paying the costs necessarily incurred by him in having the compensation ascertained, to which he is entitled for property sought to be taken from him by the power of eminent domain, is unconstitutional. Since actual payment of the compensation is as essential under the constitution as its ascertainment, obviously, expenses necessarily incurred in enforcing such payment are as necessary to the full and just compensation secured to the property owner by the constitution as are costs incurred in having the amount of the compensation ascertained. * * * In Epling v. Dickson, 170 Ill. 329, 48 N.E. 1001, where the same subject was considered, this language was used: ‘Where private property is taken or damaged for public use, just compensation cannot be made to the property owner if he is compelled to proceed in the courts for his just rights at his own costs.’ In [Dolores No. 2 Land &] Canal Co. v. Hartman, 17 Colo. 138, 29 Pac. 378, it was held that the costs necessarily incurred by a person in enforcing his constitutional right to a just compensation for property sought to be taken from him by the right of eminent domain, are a part of the just compensation for such property, to which he is entitled under the constitutional guaranty in that regard. It was suggested that any other rule would result in a possible taking of property without rendering the owner thereof any compensation whatever, because of his being compelled to expend an equivalent of the amount finally awarded to him in trying to obtain it.
“The cases cited voice the true spirit of the constitutional guaranty. It cannot have been the purpose of the framers of the constitution that a person compelled to surrender his property for public uses shall have any less as compensation therefor than a full equivalent, measured by all reasonable rules. That must include all necessary expenses incurred by him in the enforcement of his rights, which are taxable according to law. He must have in the end a full, just compensation for his property. It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in collecting the award, which are ordinarily taxable by the rules of law in favor of the prevailing party in an action or proceeding to make his judicial remedy effective. That is the true constitutional measure of his rights.”
The majority cite, quote from at length and rely heavily on the case of Westwego Canal & Terminal Co. v. La. Highway Commission (1942) 200 La. 990, 9 So.2d 389. Actually there is but one sentence in the whole opinion quoted from which gives them the solace they seek. It is, “The costs of the clerk, sheriff and witnesses’ fees are taxable. Rev.Stat.1870 § 750.” I firmly believe this statement to be obiter dictum. The trial court record, in this Westwego case is not before me, however, I do not believe the plaintiff therein was attempting to collect from the Louisiana Highway Commission the costs of court due the clerk and the sheriff, as such. There is no reference in the statement of the case to any such claims. The court cost is merely stated to be $33.67, which could have been for mortgage certificates, copies of instruments, or a multitude of other services sought by the plaintiff in proving his case. The reported decision states on page 390 of 9 So. 2d:
“ * * * The amount claimed as costs is made up of the following items: Court costs, $33.67; Frank H. Waddill, for preparing maps and other drawings and for expert fees, $191.80; stenog *728 rapher’s charges, $28.50; and costs of blueprints, $3.36.”
There is no mention at all, according to my reading of the Westwego case, wherein sheriffs costs are anywhere involved. Actually, a consideration of the opinion as a whole will not bring that case in conflict with my views herein expressed. The Supreme Court quoted approvingly from Stolze v. Milwaukee, supra, in which there is no reference at all to clerk’s or sheriff’s costs.
The Supreme Court in Louisiana Highway Commission v. Davis (1943) 204 La. 624, 16 So.2d 129, implicitly followed the exception as enunciated and applied in the Westwego case. In the Davis case, the court found the plaintiff liable for stenographers’ costs and such other costs as the defendant incurred in making out his case for quantum.
Further, I find nothing in the cases of State Through Dept. of Highways v. Barineau (1954) 225 La. 341, 72 So.2d 869, Orleans Parish School Board v. Brown (1964) 245 La. 792, 161 So.2d 274, Housing Authority of New Orleans v. Polmer (1956) 231 La. 452, 91 So.2d 600, State Through Dept of Highways v. McDuffie (1960) 240 La. 378, 123 So.2d 93, or State Through Dept of Highways v. Jones (1962) 243 La. 719, 146 So.2d 414, repugnant to the view I subscribe to herein.
The rationale of holding the State liable for defendant-owner’s court costs is grounded in the constitutional requirement that the owner of expropriated property be paid just and adequate compensation. The clerk of court cannot recover court costs on this theory for, obviously he enjoys no constitutional guarantee. The statutory fees provided as costs of court to which the clerk of court is entitled to receive in all other litigation (R.S. 13 :841) are denied him when the State, or any of its subdivisions, is the party cast, under the provisions of R.S. 13:4521.
I beg to suggest to my brothers of the majority the purpose, meaning and reason for the exception herein explained which requires the State, or its subdivisions, to pay only the defendant’s costs in expropriation actions has completely escaped them.
I most respectfully dissent.