186 So.2d 705 (1966)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Henry G. NEYREY, Jr., et al.
No. 2199.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1966.
Rehearing Denied June 6, 1966.
D. Ross Banister, Glenn S. Darsey, Ben C. Norgress, Jesse S. Moore, Jr., Baton Rouge, for plaintiff-appellant.
Goldman & Levin, Solomon Goldman, New Orleans, for defendants-appellees.
Before YARRUT, CHASEZ and BARNETTE, JJ.
YARRUT, Judge.
This is a suit by the Louisiana State Highway Department to expropriate a strip of land containing 67,815 square feet, for Interstate Highway 10. The strip bisects a large tract owned by Defendants, located in Jefferson Parish, subdivided and zoned for multiple family dwellings. The tract *706 has a frontage of 279 feet on Veterans Highway, and extends southward for 3,332 feet to Vernon Avenue, where it has a frontage of 208 feet. Each lot thereon faces Cleary Avenue, which runs along the eastern side of the tract. The trial court awarded Defendants the following itemized compensation:

1. For the 67,815.25 sq. ft. taken @ 75¢ per sq. ft. $ 50,861.43
2. Cost of heavy line sewerage construction made necessary
 by the construction of the highway 10,850.00
3. Severance damage to Lot 18 which became an irregular-sized
 "island" between Interstate Highway and
 31st St. 3,421.73
4. Severance damage to Lot 13 now a triangular-shaped lot
 with a 6 ft frontage and measuring 42 ft. in the
 rear 1,880.90
5. Severance damage to 323,491 sq. ft. of land south of 31st
 St. which has temporarily become inaccessible because
 of highway construction 94,600.00
 ___________
 $161,614.06

Only items (4) and (5) are in dispute here as the Highway Department now concedes on appeal the first three items, totalling $65,133.16 are correct, notwithstanding it deposited only $22,860.00 in the registry of the court and, at the trial, both of its experts (Max J. Derbes and Edward J. Deano) testified Defendants were entitled to a total of only $37,976.00 ($27,126.00 for land taken and $10,850.00 for the sewerage line) without any allowance for severance damages.
The two issues on appeal are (1) the extent, if any, of the severance damage to the 323,491 square feet south of Interstate Highway 10 and, (2) the severance damage, if any, to Lot 13.
First, we will consider the severance damage to the 323,491 square feet, rendered temporarily inaccessible to vehicular traffic, for which the trial court allowed $94,600.00. It is undisputed that, previous to the construction work on Interstate Highway 10, all the lots in this tract were accessible from Cleary Avenue, a shelled street dedicated as a major roadway, which access will be restored when the Highway is completed, as there will then be access from service roads; that, at the time of trial the tract had been inaccessible for two years. The trial court concluded the period of inaccessibility would be at least four years, while the Highway Department contends that it will be closer to three years.
Because the land in question is being taken out of commerce for several years, Defendants argue they should be compensated for the following: (1) interest they continue to pay on money borrowed to purchase the land; and (2) profits from sales they could have made if the land were accessible.
These two items cannot be the basis of an award of damages in this case. Frustration of business plans and loss of profits caused by expropriation, are not compensable. State Through Department of Highways v. Levy, 242 La. 259, 136 So. 2d 35; Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., La.App., 131 So.2d 369; Southern Amusement Co. v. United States, 5 Cir., 265 F.2d 34.
However, if the taking of the land decreases the market value of the remaining *707 tract, severance damages are allowable and the property owner has the right to a trial as to severance damage without waiting until the highway project requiring expropriation has been completed. State Through Department of Highways v. Huson, La.App., 166 So.2d 3, cert, denied, 246 La. 877, 168 So.2d 104.
As of the date of the trial, the property in question was inaccessible to vehicular traffic, had been so for a period of two years, and was to remain so for at least another year. Although the Highway Department contends severance damages should not be allowed because of inaccessibility, which is only temporary, it has been held that temporary loss of access is compensable as a factor decreasing the market value. In State Through Department of Highways v. Davis, La.App., 149 So.2d 164, the court said:
"The expropriation of the highway strip deprived all land north of it of any outside access whatsoever for purposes of development or resale for at least two years and probably longer (that is, until the Interstate Highway and its service roads could be constructed), which is a factor decreasing the market value of the land to a prospective purchaser * * *." 149 So.2d at 168.
We must hold that the prospect of inaccessibility of the remainder of the tract for several years does affect its market value.
Of the two appraisers who appeared for Defendants, Omer F. Kuebel and Angus Eason, only Mr. Kuebel was asked about the decrease in market value. He testified that the value of the segregated tract had decreased from $1.00 to 50¢ a square foot, hence a severance damage of $161,745.50. The Defendants asked for only $94,600.00, or approximately 29¢ per square foot (3/5 of Mr. Kuebel's estimate), which in our opinion the trial court was justified in allowing. In State Through Department of Highways v. Burden, La.App., 180 So.2d 784, the court said:
"We, like the learned trial judge, know of no way to fix these severance damages except by the testimony of the expert appraisers who testified on that subject. The plaintiff's witnesses testify there was no severance damage and therefore we are left only with the testimony of the defendants' witnesses as to the severance damages." 180 So.2d at 792.
Next, we will consider the question of severance damage to Lot 13 which was originally part of a regular-sized lot, 62 feet wide by approximately 224 feet deep, and which is now a triangular-shaped lot with a 6-foot frontage, measuring 42 feet in the rear. It is contiguous with Lot 12, which is also 62 feet wide by 224 feet deep. The Highway Department contends that, because Lot 13 provides extra area to Lot 12, it has suffered no severance damage and stresses the fact that Mr. Kuebel, Defendants' expert, testified that, as long as both lots continue to be owned by Defendants, there would be no severance damage. (If the two lots were not owned by the same parties, Mr. Kuebel estimated the severance damage at 35¢ a square foot or a total of $1,880.90).
However, Mr. Eason testified the land would be worth more as part of a full-sized lot, zoned for a multiple family dwelling, than it would be as extra parking area for an adjoining lot, which required no additional parking area. Therefore, Mr. Eason concluded the value of the property had diminished from 78¢ a square foot to 39¢ a square foot. Because we agree, as did the trial judge, with Mr. Eason's conclusion that the only possible use for Lot 13 would be as additional parking area for Lot 12, we believe that the severance damage allowed ($1,880.90) is correct.
For the above reasons the judgment of the trial court awarding Defendants a total of $161,614.06 together with 5% interest on *708 $138,754.06 (the excess over the amount deposited in the registry of the court), from April 2, 1963, the date of the taking, is affirmed. The Highway Department is to pay all costs taxable to it in both courts. LSA-R.S. 13:4521; Orleans Parish School Board v. Brown, 245 La. 792, 161 So.2d 274, cert, denied 379 U.S. 819, 85 S.Ct. 40, 13 L.Ed.2d 31.
Judgment affirmed.