189 So.2d 450 (1966)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellee,
v.
Belisaire P. BABINEAUX, Defendant-Appellant.
No. 1755.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1966.
Rehearing Denied September 6, 1966.
*451 Stockwell, St. Dizier, Sievert & Viccellio, by Oliver P. Stockwell, Lake Charles, for defendant-appellant.
W. Crosby Pegues, Jr., Norman L. Sisson, D. Ross Banister, Jesse S. Moore, Jr., by Ben C. Norgress, Baton Rouge, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
By his appeal, the defendant landowner principally complains of the alleged insufficiency of an award made to him for property expropriated for highway purposes.
The plaintiff Department expropriated approximately two-thirds of the landowner's large residential lot upon which his home was situated. The trial court found the landowner Babineaux to be entitled to a total of $11,920 altogether for the land taken together with the severance damages to the remainder of his lot (an increase of some $2,301 over the amount deposited by the Department).
In urging that the amount of the award should be increased to $27,816, the appellant landowner principally contends that the trial court erred in failing to give any weight to the testimony of two of his expert appraiser witnesses, as well as in failing to consider other purchases made by the expropriating authority in the vicinity of his property which allegedly support a higher award.
Prior to the taking, the landowner Babineaux was the owner of an exceptionally attractive large corner lot in a nice residential neighborhood. The dimensions of the lot were approximately 173 feet along a well-paved principal residential street, by a depth of 285 feet along a paved side-street. The plaintiff's house was situated near the corner facing the side-street, with a large and well landscaped side-yard along the side street in addition to an ordinary-sized back yard. The residence was a well-kept-up but modest 15-year-old wood-frame two-bedroom house with garage and other outbuildings.
The plaintiff Department expropriated the north 175 feet of the lot, being the entire side-yard and about two-thirds of the frontage along the side-street. The plaintiff was left with a corner lot having a front of 100 feet along the side-street by a depth of 173 feet along the principal street. By the taking, the Interstate Highway right-of-way was just 18 feet distant from the north wall of the plaintiff's residence. All of the expert witnesses agreed that the nearness of this right of way and its 4-foot high embankment, with its expected traffic volume of 15,000 vehicles daily, will necessarily cause some depreciation in the market value of the remainder of the lot left after the taking; the relative extent of this "proximity" severance damage being a major controversy between the parties.
Under the highway expropriation jurisprudence, the usual compensation for the land taken should be based upon the market value of the property takenthe price which would be agreed upon by a willing buyer and a willing seller, with the prices paid in recent sales of similar property in the vicinity ordinarily being the best criterion of the market value of the property taken. Gulf States Utilities Co. v. Norman, La.App. 3 Cir., 183 So.2d 421, and the many decisions cited therein. In addition, the landowner is entitled to any severance damages sustained by the remainder of his property left after the taking, being *452 the difference between the market value of such remainder just before the taking and its value at the time of the trial. LSA-R.S. 48:453. State through Dept. of Highways v. Lancon, La.App. 3 Cir., 174 So.2d 257, and cases cited therein.
In an excellent and well-reasoned opinion applying these principles, the trial court analyzed the expert testimony of the five appraisers testifying and arrived at an award of $8,575 for the land and improvements taken and of $3,345 for severance damages to the remainder, for a total of $11,920. In so doing, the trial court essentially accepted the testimony of the appraisers Coleman and Love testifying for the Department and of the appraiser White testifying for the landowner. The trial court failed to accord any weight to the testimony of two other appraisers offered by the landowner on the ground that their opinions were not as well-founded as the other experts.
We see no need to repeat the excellent analysis of the trial court.
The court's award for the land taken was based upon its value as derived from comparable sales of similar properties; there was essentially little difference between the valuations of the subject property and of the land taken as between the three appraisers whose testimony was accepted. As to the severance damages, the Department's witnesses testified that the "proximity" damages because of the new highway right of way would be approximately 10½% the landowner's expert (White) testified, based upon a comparable sale (the Evers transactions), that the remaining land suffered a 29% reduction in value while the remaining improvements sustained a 36% reduction.
In awarding the landowner a 162/3% reduction in the value of the remaining land and a 22½% reduction in the value of the improvements remaining, the trial court essentially accepted the testimony of the landowner's expert (White), although reducing White's estimate by adjusting the comparable transaction relied upon by him (the Evers sales) because of the greater severance damages shown to have been sustained by the Evers property because of the more onerous taking of the greater part of an already small back yard and the greater unsightliness of a 14-foot dirt barrier for the no-access Interstate Highway right of way.
In complaining that the trial court award was manifestly insufficient, the landowner Babineaux complains:
1. That the trial court erred in disregarding the testimony of the two other appraisers testifying as expert witnesses for him, whose estimates of the value of his lot and the amount of severance damages were substantially greater than those of the other three experts: However, we find no error in the trial court's disregarding as not as well-founded the testimony of these two experts, because as revealed by their cross-examination their substantially higher values were based upon sales of other properties in more expensive neighborhoods, which were not really comparable to the present property taken; likewise, the amount of severance damages to which they testified were shown to be pure estimates and not as well-founded as that of the expert appraiser (White) testifying for the landowner, whose testimony the trial court essentially accepted.
2. That the trial court erred in failing to consider other purchases made by the expropriating Department in the vicinity of the subject property, especially those represented by B-4 (Evers), B-9 (Lafleur), B-11 (Hebert), and B-16 (Swanson): However, the Evers sale price is shown by the Department's experts testifying to include the much greater severance damages sustained by the taking (see above); the Lafleur taking likewise included the adjusted damage resulting from the taking of an entire lot including a residence (which, however, the landowner was permitted to remove within a limited period); the small Hebert strip taking likewise included *453 a substantial encroachment upon an already small back yard (see, e. g., B-12, B-13, B-14, photographs) and thus greater severance damages; and no testimony at all was introduced as to Swanson to identify it as comparable property or not. In short, the evidence shows that these other transactions between the Department and the other landowners should not be used as comparable sales due to the dissimilarity of the circumstances and of the properties concerned in the sales.
The landowner complains with considerable justification that his beautiful and exceptionally attractive homesite has now been converted into an ordinary-sized lot without the unusually pleasant feature of the spacious and well-landscaped surrounding grounds. Unfortunately, under the prevalent jurisprudence the owner is not entitled to compensation for non-economic consequential injuries such as discomfort, disturbance, or loss of esthetic value in expropriation proceedings, State v. Sauls, 234 La. 241, 99 So.2d 97, Rapides Parish School Board v. Nassif, 232 La. 218, 94 So.2d 40, unless such consequential damages diminish the market value of the property, City of New Orleans v. Giraud, 238 La. 278, 115 So.2d 349. Under the evidence before us, the trial court's award has fully compensated this unfortunate landowner for the loss in market value occasioned by the destruction of his formerly much more pleasant city estate.
The landowner's final complaint is that the trial court's award of costs did not include the full fee charged him by the three expert appraisers testifying for him.
The general rule is that, unless tender of the true value is made before the taking, the expropriating authority should be taxed with the reasonable costs of the expert witnesses retained by the landowner to help him obtain the just compensation to which he is constitutionally entitled, since to award him a lesser amount would be to deprive him of the full compensation for the taking constitutionally guaranteed to him. State through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869, 872; Westwego Canal & T. Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389; State through Department of Highways v. Salemi, La.App., 1 Cir., 185 So.2d 536, 540-541 (good summary). See also Orleans Parish School Board v. Brown, 245 La. 792, 161 So.2d 274, State through Dept. of Highways v. Jones, 243 La. 719, 146 So.2d 414, and Housing Authority of New Orleans v. Polmer, 231 La. 452, 91 So.2d 600. The fees to be paid such expert appraisers depend upon the time lost by them and the extent of their determination of the matters upon which they express their opinion, not only for their appearance in court but also for the preparatory work done by them. Recreation and Park Commission of East Baton Rouge Parish v. Perkins, 231 La. 869, 93 So.2d 198; see State through Department of Highways v. Salemi, La.App., 185 So.2d 536. However, as the cited Perkins case likewise indicates, the trial court has some discretion to limit the fees taxed as costs to a reasonable amount somewhat in line with the usual fees allowed in other proceedings.
With regard to the present case, the expert White testifying for the defendant landowner, testified as to preparatory work of three and one-half days for which he charged a fee of $350, plus an additional $100 for the day spent in court testifying. The other evidence indicates that this is a usual fee ($100 per day) for real estate appraisers of the vicinity. The evidence fully indicates thorough preparation by White and verifies the amount of time spent in his appraisal to which he testified.
In fixing the fees of the experts testifying, the trial court fixed White's fee at only $350, his fee for his preparatory work. We believe that by so doing the court inadvertently overlooked the additional amount of $100 to which this expert is entitled for the day he testified in court. The judgment should be amended accordingly. However, we find no error in the trial court's refusal *454 to allow the other two appraisers the full amount of the fees for which they submitted statements; the evidence as a whole indicates that they spent less effective time in research and preparatory work to arrive at their estimates of valuation arrived at in their testimony, which was of more limited scope than that of the other appraiser experts.
For the foregoing reasons, the judgment of the trial court is amended so as to allow the additional amount of $100 expert fee to Forrest K. White, to be taxed as court costs; as thus amended, the trial court judgment is affirmed in all other respects. The costs of this appeal are to be paid by the Department-appellee. LSA-CCP Art. 2164.
Affirmed.
SAVOY, J., dissents being of the opinion that the trial court award is inadequate.

On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY, J., is of the opinion that the award is inadequate and that a rehearing should be granted.