166 So.2d 3 (1964)
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Lamar C. HUSON, Defendant-Appellee.
No. 10223.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1964.
Rehearing Denied July 2, 1964.
Writ Refused October 26, 1964.
*4 D. Ross Banister, Glenn S. Darsey, Ben C. Norgress and Chester E. Martin, Baton Rouge, for appellant.
Colvin & Hunter, Mansfield, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
State of Louisiana, through the Department of Highways, acting under authority of LSA-R.S. 48:441 et seq., expropriated.299 of an acre of land together with improvements owned by defendant in Mansfield, De Soto Parish, Louisiana. Plaintiff's experts estimated the property to be worth $1895 and pursuant to the pertinent portion of the statute deposited such amount in the registry of the court and obtained title to the property. In his answer to the suit defendant alleged the deposit was inadequate; that the land and improvements had a fair market value of $6335; that his remaining property had been damaged by the taking in the amount of $12,500; and that he should be awarded a total judgment of $18,835. For written reasons the lower court rendered judgment fixing the value of the property expropriated together with the improvements thereon at $3800 and severance damage to the remainder at $6500, or a total award of $10,300. From such judgment plaintiff has appealed and defendant has answered the appeal asking that the judgment be increased to the sum of $14,482.
The record reflects defendant owned a very nice dwelling in Mansfield, located on a spacious lot of 5.1 acres. Huson enjoyed the utmost privacy in that there were no public streets adjoining or traversing the property. Access to the property was afforded by a gravel road which led to his *5 home. The purpose of the expropriation is to construct a super-highway directly across the front part of defendant's property, resulting in defendant's house being now only twenty-nine feet from the right of way and fifty-five feet from the hard-surfaced portion of the highway.
In fixing the value of defendant's land expropriated in this action plaintiff offered the testimony of two witnesses, O. W. Deen and Roy Fulco, both expert appraisers from Shreveport, Louisiana, who fixed the value of the land and improvements at $1895. This total was broken down as follows:

Value of land $1300.00
Cost of replacing a driveway
on the property actually taken 325.00
Fence on the property 75.00
Arborvitae trees 195.00
 ________
 TOTAL $1895.00

Defendant offered the testimony of Riemer Calhoun, Cecil Flanders, E. S. Tatman and Walter B. Calvert as experts to fix the value of the property taken together with any severance damage. While none of these witnesses were considered as expert appraisers by plaintiff, the lower court accepted them all as experts after counsel had an opportunity to cross-examine them as to their qualifications. Without going into the background of each of these witnesses, it can be said generally they were all actively engaged in property transactions in the vicinity of that taken and were fully cognizant of the local values of property. One witness was the president of De Soto Federal & Loan Association, one a vice-president of a loan association and another was the president of the local bank. These witnesses gave various estimates of the value of the property taken together with severance damage.
As to the property expropriated, some of the witnesses calculated what the land was worth without any improvements and other witnesses testified as to the value of the improvements thereon, such as shrubbery, trees and the driveway. The lower court took the testimony of the witnesses as to the value of the bare land and added thereto his conclusion as to how much the improvements thereon had enhanced the value and arrived at a figure of $3800 for the property expropriated.
One of the principal errors complained of by appellant is the method utilized by the lower court in fixing separate values on such items as the shrubbery, trees, driveway, etc. As authority for such argument several cases have been cited, among them being State of Louisiana, through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881 (1955) and Texas Gas Transmission Corporation v. Broussard, 234 La. 751, 101 So.2d 657 (1958).
We find no error in the method employed by the trial judge in fixing the value of the land expropriated together with the improvements thereon. A reading of the entire record convinces us our learned brother below did not make a separate award for the specific items located on the property but merely used the testimony relative to their value in order to arrive at a total valuation of the land together with the improvements. This was the very method used by the appraisers for plaintiff, the only difference being in the final evaluations.
Another error strenuously urged by appellant is that the witnesses tendered as experts by defendant were not qualified as such. In his written reasons for judgment, the district judge had this to say about the qualifications of the witnesses who were tendered as experts:
"All of these witnesses live in Mansfield. They are in a position to be thoroughly familiar with the value of property in that area; and of factors that affect the sale value of property in Mansfield. Mr. Calvert, Mr. Flanders, and Mr. Tatman have been making appraisals of property for many years as a part of their duties in connection *6 with the banking institutions which they represent; and these institutions regularly make loans based on such appraisals. Therefore, their appraisals must be realistic. Mr. Calhoun for many years has been developing subdivisions, and building houses and selling residential property in Mansfield. Each of these witnesses gave what appeared to be sound reasons for the diminution of value of defendant's remaining property from the expropriation. All of these witnesses are outstanding citizens of Mansfield, and I know of no reason why their testimony should not be given serious consideration."
We see no error in this portion of the proceedings appealed from. The courts of this state have repeatedly held the trial court is vested with much discretion in determining whether a witness is qualified to testify as an expert. Witnesses with similar qualifications have been recognized as experts in other expropriation cases decided by our appellate courts. See State of Louisiana, through Department of Highways v. Lumpkin, Jr. (La.App. 2 Cir., 1962), 147 So.2d 80; State of Louisiana, through Department of Highways v. Madden (La.App. 2 Cir., 1962), 139 So.2d 21.
Defendant was awarded a substantial amount for severance damage to the remaining property. Plaintiff contends there is no severance damage and also questions the right of defendant to prove such damage because at the time of the trial no work had been done on the property expropriated. It is therefore reasoned that at the date of the trial defendant's property had not been affected. Cited as authority for this contention are LSA-R.S. 48:451 and LSA-R.S. 48:453, which provide in part:
LSA-R.S. 48:451:
"Where a portion of a lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the just and adequate compensation to which he is entitled, provided:
"(1) He files an answer within one year from the date he is notified in writing by the department that it has finally accepted the construction of the highway project for which the property was expropriated;"
* * * * * *
LSA-R.S. 48:453:
* * * * * *
"Damage to the remainder of the property is determined as of the date of the trial."
* * * * * *
In other words, plaintiff contends that a claim for severance damage is premature unless the landowner waits until the completion of the project in order to prove such damage. The jurisprudence of this state is quite to the contrary and defendant has a right to a trial as to severance damage without waiting until the project has been completed. In State of Louisiana, through Department of Highways v. Brammer (La. App. 3 Cir., 1964) 160 So.2d 355, the court said:
"On this appeal, however, the State takes the position that, under the terms of LSA-R.S. 48:451 and 453, a landowner may not prove his damages, if any, until the project for which the expropriation was made has been completed, he then having one year from that time to do so. This Court has previously ruled to the contrary. State [of Louisiana, through Department of Highways] v. Davis, (La.App., 3 Cir., 1963), 149 So.2d 164; and, State [of Louisiana, through Department of Highways] v. Williams, (La.App., 3 Cir., 1961), 131 So.2d 600."
On the question of severance damage the trial court correctly stated the law to be that the measure of such damage to defendant's remaining property is the difference *7 between its market value immediately before and immediately after the expropriation and cited as authority therefor the cases of State of Louisiana, through Department of Highways v. Gani (La.App. 3 Cir., 1962), 138 So.2d 683; State v. Madden, cited supra, State of Louisiana, through Department of Highways v. Davis (La.App. 3 Cir., 1963), 149 So.2d 164 and State of Louisiana, through Department of Highways v. Williams (La.App. 3 Cir., 1961), 131 So.2d 600.
After commenting upon the testimony of the various experts relative to the market value of the property before and after the expropriation, the trial judge concluded defendant's property had been diminished in market value to the extent of $6500 and rendered judgment in this amount for severance damage. Since this portion of the judgment appealed from is based on competent evidence and sound jurisprudence, it is accordingly affirmed.
The chief complaint of defendant in his answer to the appeal is that an insufficient amount was awarded the landowner for the loss of privacy. While certain inconveniences have been suffered by the landowner due to the loss of privacy, we do not think the record shows the market value of his property was diminished to a greater extent than that allowed by the judgment appealed from. Our review of the entire record leads us to the conclusion that the judgment appealed from is neither excessive nor inadequate.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
Affirmed.

On Application for Rehearing
PER CURIAM.
By Application for Rehearing counsel for plaintiff has directed our attention to a slight inaccuracy in our factual account of this case in that we stated "there were no public streets adjoining or traversing the property" of defendant Huson. Although the plats and photographs filed in evidence show a portion of the property fronts on Schley Street, they further reflect the house is set back from the street almost four hundred feet and is screened therefrom by luxuriant hedges running along the front and west side of the property. Actual access from Schley Street to Huson's home was by means of a gravel and asphalt drive some 350 to 400 feet in length.
While we concede the misstatement set forth above, our further review of the record convinces us of the correctness of our original decision. Accordingly the application for rehearing is denied.