LOTTINGER, Judge.
This is a suit by petitioner, Louisiana Power & Light Company against Nathan H. Dekle, defendant, for the expropriation of a servitude to construct, maintain and operate an electric transmission line or lines across a tract of land belonging to defendant and situated in the Parish of Iberville, State of Louisiana. The Lower Court granted a judgment in favor of the petitioner and against the defendant and awarded defendant $10,822.50 as damages for the taking and the sum of $2,328.75 as severance damages. Petitioner has taken this appeal, and defendant answered the appeal asking for an increase in the award.
Prior to the filing of answer in the Lower Court, certain exceptions were filed by the defendant which were referred to the merits. In the judgment entered by the Lower Court the exceptions were overruled, and they have not been reurged before this Court. At the outset, we feel that the action of the Lower Court in overruling these exceptions was correct.
The record discloses that defendant is the owner of a tract of land comprising ap *27 proximately 709.9 acres. This tract of land fronts 2,400 feet on the South side of the Mississippi River, and is traversed by the river road. The property has a depth of approximately two miles. The strip of land sought to be expropriated is a strip of land 170 feet wide and running diagonally across the rear or South end of the defendant’s property. Also traversing the property of defendant, at a distance of 200 feet South of and parallel to the property herein sought to be expropriated, is a drainage canal having a width of approximately 40 feet.
The purpose for which the servitude is sought is the construction of one or more large electrical transmission lines across the property of defendant. The subject line will be designed to carry 500,000 volts of electricity. In order to comply with all safety factors, the servitude requested is 170 feet in width, with a right to clear timber in an area 15 feet outside each boundary of the right-of-way. Two towers will be constructed on defendant’s property at a distance of approximately 1150 feet apart. These towers will be of steel construction with a height of approximately 150 feet. The minimum distance between the surface of the property to the power lines, as they hang between the towers will be 35 feet. Petitioner also seeks the right of ingress and egress over the adjoining property of defendant.
The Lower Court heard two expert witnesses on behalf of defendant, namely, Mr. Kermit Williams and Mr. W. D. McCants, Jr., both of whom are actively engaged as Real Estate Brokers and Appraisers in the Baton Rouge area, including Iberville Parish. The expert appraisers of petitioner were Mr. Max J. Derbes, Sr., a Realtor and Appraiser in New Orleans, Louisiana, and Mr. Chester A. Driggers. Mr. Drig-gers did not testify although it was stipulated between counsel that his testimony would be substantially similar to that of Mr. Derbes.
The Lower Court, after hearing the evidence, concluded that the highest and best use of the land was for industrial purposes due to its location. It concluded that the value per acre of this tract of land was in the sum of $1,250.00, that 90% of the land would be rendered useless after the taking, and therefore, allowed the sum of $10,822.50 for the easement over the 9.62 acre tract. In addition thereto, the Court allowed severance damages to a strip of land 300 feet in width immediately North of and adjoining the right-of-way strip and containing 18.62 acres at the rate of 10% of its value. No severance damages were allowed to the property of defendant situated to the South of the strip expropriated, nor to the remaining property of defendant North of the 300 feet.
The Lower Court accepted the opinions of Mr. Williams and Mr. McCants to the effect that the highest and best use of the property was for industrial purposes. Both of these experts used the market comparable method of evaluating the property which is the best criterion of its value. Caddo Parish School Board v. Wilier, 227 La. 201, 78 So.2d 833. The comparables used by these gentlemen were of tracts of land similar in size and location to that of defendant.
The comparables used by Mr. Derbes, on the other hand, were of small tracts of land, the largest comprising 50 acres. He did not know the size of defendant’s property as he estimated it to be 250 to 300 acres. He had only been on the front portion of the property, adjoining the river road, however, he had flown over the property sought as an easement. He considered the best use of the property as agricultural and pasture land and assessed a value to the land at $600.00 per acre, which he agreed was very high for farm land. He assessed the damages for the taking at 50% of $600.00, and considered no severance damages whatsoever.
The defendant himself testified regarding several recent inquiries he had *28 received relative to the sale of the property for industrial purposes. It is common knowledge that there is an influx of industries along the river between New Orleans and Baton Rouge. We feel that the Lower Court was correct in holding that the highest and best use of the property was for large industry in the foreseeable and not too distant future. State Through Department of Highways v. Burden, La.App., 180 So.2d 784.
The Lower Court, in evaluating the property taken for the servitude, used the sum of $1,250.00 per acre. This was the value which Mr. Williams arrived at after considering the value of other property having a railroad line on the property. The nearest railway line to the property of defendant, however, was some 2,000 feet away, and Mr. Williams testified that considering the cost of bringing railway facilities to the subject property would reduce his evaluation of the property to the sum of $1,150.00 per acre. He, therefore, valued the servitude at $1,150.00 per acre times 9.62 acres, or the sum of $11,060.00.
With regard to severance damages, Mr. Williams testified that the 100 foot strips of land on each side of the right-of-way, would have approximately 65% damage. The acreage involved in these 100 foot strips total 11.21 acres.
On the next two 100 foot strips adjoining and beyond the first 100 foot strips above mentioned, Mr. Williams assessed the damages to these 10.77 acres at approximately 35% of the value thereof prior to the taking. Mr. Williams further testified that there would remain 20.88 acres to the rear or South of the property taken to which he gave a damage figure of about 25% of its value.
With regard to the remaining property to the front, or North of the right-of-way, containing the sum of 587.5 acres, he assessed damages at approximately 5% of the value thereof. He testified that this last item of damages applied only to the portion of the defendant’s property comprised between the river road, or highway, and the power line, and did not affect the batture, to which no severance damage was assessed. The damages to this portion of the property was occasioned by petitioner’s requirements of ingress and egress to the adjoining property of defendant which did constitute a restriction on the future use thereof. According to Mr. Williams, an additional factor of the latter damages would be the difficulty or problem arising in the bringing of rail facilities across the right-of-way and into the property.
Although Mr. McCants used the same theories in evaluating the property of the defendant, he did not go into such detail as did Mr. Williams. He valued the 9.62 acres taken at $1,400.00 pfr acre, after making adjustments for rail provisions. He evaluated the severance damages at $13,-768.00, which represented 70% of the value of the 32.78 acres which comprised a strip of land 300 feet wide on each side of the property taken. The remaining 16.72 acres to the South of the portions taken was, in his estimation, damaged at 50%. He did not consider any damages to the remaining portion of some 500 acres which would be caused by the servitude of ingress and egress.
We feel, as did the Lower Court, that Mr. Williams gave a complete and exhaustive assessment of the valuation of the property as well as the damages to be occasioned by the taking. While Mr. Williams considered that the property actually taken for the servitude would be damaged at 100% of its value, we do feel, as did the Lower Court, that some value would remain therein to the owner. Certainly in the improvement of this property for industrial purposes the occasion would arise to place rail lines, gas or water lines, or similar improvements across the said strip of land.
We now turn to the question of severance damages. The testimony with respect to such damages by the appraisers herein is clearly set forth above. The trial judge *29 determined that a 300 foot strip North of and paralleling the servitude herein sought would be damaged to the extent of 10%. This strip comprises 18.63 acres. .The trial judge’s computation based on $1,250.00 an acre value were as follows, 18.63 acres times $1,250.00 times 10% or $2,328.50.
The Dekle property is identical in nature to the Ristroph and Jumonville properties with which we were concerned this date and affirmed the judgment of the trial court with respect to his award for severance damages. See Louisiana Power & Light Co. v. Jumonville, La.App., 200 So.2d 14, and Louisiana Power & Light Co. v. Ristroph, La.App., 200 So.2d 25. For reasons stated in the Ristroph opinion we shall herein adopt and use the same percentages. In these two cited cases the trial judge determined that the value of the land was $1,150.00 per acre, he awarded defendant severance damages for a strip measuring 200 feet in width along each side of the servitude to the extent of 25% of fee value. The trial judge further awarded 12% damages to the balance of defendant’s respective properties located to the- rear of the servitude. In the Jumonville case there were 14.12 acres. In this case there are 20.79 acres.
Accordingly, for the reasons stated in Louisiana Power & Light Co. v. Ristroph, supra, and the authorities cited therein we are of the opinion that defendant’s total judgment should be computed as hereinafter shown. The servitude itself will cover 9.62 acres, and defendant is entitled to receive 90% of the value thereof of $1,150.00 per acre, or the sum of $9,956.70. As to severance damages, á strip 200 feet in width on each side of the servitude will comprise 21.98 acres. Defendant is entitled to receive severance damages of 25% thereof or $6,319.25. Additionally, there remains to the rear of the servitude 20.79 acres to which defendant is entitled to receive damages to the extent of 12% of the value thereof, or $2,869.02. The total sum of these figures is $19,144.97.
The Lower Court gave judgment for appraisal fees to Mr. Williams and Mr. McCants in the sum of $500.00 each. The defendant has asked that these awards be increased to $700.00. We believe that the figure, as allowed by the Lower Court, is reasonable.
Accordingly, for the above and foregoing reasons the judgment of the district court is hereby amended to award defendant the sum of $19,144.97, computed as above shown.
In all other respects the judgment of the district court is affirmed at plaintiff’s costs.
Amended and affirmed.