SARTAIN, Judge.
The Livingston Parish Police Jury, hereinafter referred to as plaintiff, instituted this action against Patrie W. Burns and his wife, Mrs. Gladys Crotwell Burns, hereinafter referred to as defendants, in order to expropriate a drainage servitude across the lands of defendants. Defendants’ lands are not contiguous and because of the irregular route of the drainage servitude, it is necessary for plaintiff to expropriate from the lands of defendants three individual tracts, with each tract crossing a portion of defendants’ respective properties. The servitude sought, with one exception, consists of a width of 120 feet. The drainage canal itself will have an average width of 39 feet and an average depth of 6 feet. For the purpose of clarity these tracts were surveyed and referred to as Tracts Nos. 1, 2 and 3, containing 2.672, 1.836 and 2.240 acres respectively, totaling 6.748 acres.
The defendants in their answer reconvened and prayed that they be awarded $1,250 as attorneys fees; $450, the cost of appraisal; $350, loss of earnings allegedly incurred as a result of this litigation; a sum of $2,182.50 which represents the value of the land sought to be expropriated and severance damages. Defendants also endeavored to require plaintiff to erect a vehicular type bridge across Tract No. 1 and foot bridges across Tracts Nos. 2 and 3 and/or an additional $400 per acre for all property made inaccessible by the expropriation.
The trial judge rendered judgment in favor of plaintiff and against defendants granting the right of way sought and awarded defendants the sum of $1,800 for the property taken and severance damages to Tract No. 2 in the amount of $234. In *301 addition, plaintiff was condemned to pay-court costs and the fees of the expert witnesses. The trial judge further held that defendants had failed to prove that they were entitled to any severance damages with respect to Tracts Nos. 1 and 3.
Defendants have taken this appeal urging that the trial judge erred in failing to require plaintiff to construct and maintain a vehicular type bridge across the canal on Tract No. 1 and foot bridges over the canal on Tracts Nos. 2 and 3, “as well as fencing of appellants’ lands where the construction of the canal would affect his cattle and livestock.”
Plaintiffs have not answered the appeal. Accordingly, the issue presented to us for resolution deals exclusively with defendants’ right to severance damages over and above that which was ordered by the trial court and particularly defendants’ right to have plaintiff construct the aforementioned bridges and the fencing of defendants’ lands where the construction of the canal would affect defendants’ cattle and livestock.
The payment of damages in consequence of an expropriation, referred to as severance damages, and as required by LSA-R.S. 19:2.1(3) has been clearly defined as the difference between the market value of the condemned land immediately before and immediately after the expropriation. State, Through Dept. of Highways v. Williams, La.App., 131 So.2d 600; State, Through Dept. of Highways v. Gani, La.App., 138 So.2d 683; State, Through Dept. of Highways v. Davis, La.App., 149 So.2d 164; State, Through Dept. of Highways v. Huson, La.App., 166 So.2d 3; State, Through Dept. of Highways v. Lancon, La.App., 174 So.2d 257; Central La. Electric v. Williams, La.App., 181 So.2d 844; Gulf States Utilities Co. v. Norman, La.App., 183 So.2d 421; State, Through Dept. of Highways v. Babineaux, La.App., 189 So.2d 450; and State, Through Dept. of Highways v. Fontenot, La.App., 194 So. 2d 404.
In determining severance damages, benefits may be set off against improvements that follow the taking. Thomas & Warner, Inc. v. City of New Orleans, 230 La. 1024, 89 So.2d 885; City of New Orleans v. Giraud, 238 La. 278, 115 So.2d 349; Parish of East Baton Rouge v. Edwards, La.App., 119 So.2d 175. Thus the public expropriating authority is permitted to credit, against the severance damages which the expropriation causes to the remainder of the property, the market value of any special benefits accruing to the unexpropriated portion of the property by reason of the expropriation use.
With the above legal principles in mind we look to the claims of defendants with respect to their contention that they are entitled to the construction of bridges as aforementioned. With respect to Tract No. 1, defendants’ expert witness, Mr. James E. Carpenter, testified that in his opinion the construction of the proposed drainage canal would cause severance damages to the remaining portions of that particular tract to the extent of $500. However, he was equally definite in his position that the value of the remaining portion of the lands to be traversed by the canal would be increased in the amount of $500 by virtue of improved drainage. All of the expert witnesses testified that this property was subject to frequent inundation and that the proposed canal would definitely remedy the drainage problem. The record clearly supports the conclusion that defendants are not entitled to additional severance damages with respect to Tract No. 1.
As to Tract No. 3, Mr. Carpenter testified that because of the irregular shape of the canal the balance of the lands from which this servitude is taken will be damaged to the extent of $742.50. He further testified that by virtue of the improved drainage to result from the construction of the canal the balance of Tract No. 3 would be enhanced in value in the sum of $594.00, leaving a net severance damage in the *302 amount of $148.50. His testimony on these points is as follows:
“Q. How did you arrive at that figure— that $742.50 as severance damage? That is what I would like to know.
A. 50% — estimated at 50% of the value of the remaining portions.
Q. Would you give me your entire computation I just — I don’t know how you arrived at that?
A. I don’t have the sizes—
Q. Did you use the rule of the value— the present value plus the value after the taking?
A. I used the rule of the present value and then deducted the benefits from that.
Q. What value did you assign to the property in No. 3, the adjoining property, after the taking?
A. I don’t have those figures.”
Again at a later stage of examination Mr. Carpenter while adhering to the above figures again admitted that he did not have his supporting data to explain his position. While these estimates and determinations may well be true they can be considered only in the light of an unsupported opinion of this expert. The trial judge did not commit manifest error in his conclusion that defendants had failed to prove they were entitled to severance damages with respect to Tract No. 3.
Defendants strenuously urged in briefs before the trial court and now before us that they are entitled to have plaintiff construct and maintain a vehicular type bridge across Tract No. 1 and foot bridges across Tracts Nos. 2 and 3. Such relief cannot be granted because severance damages can only be considered as more fully explained hereinabove. Severance damages must of necessity find satisfaction via the vehicle of a monetary judgment. What defendants in truth and in fact attempt to accomplish borders on relief by way of a mandatory injunction. Accordingly, the issue is not whether plaintiff should be required to construct these bridges but whether or not the remaining unexpropriated portions of defendants’ properties have suffered diminution in values for it is only these differences in values that defendants are entitled to receive. If the differences in values exceed the cost of the bridging, defendants would nevertheless be entitled to the greater sums. However, if the differences in values are less than the cost of bridging, plaintiff would only be required to pay for the former as that is the extent of its liability as an expropriating authority.
It is particularly noted that defendants offered no evidence whatsoever to substantiate the cost for the construction of the bridges. Defendants’ expert witness did not consider nor did he contemplate the absence of said bridges in his computations.
Defendants further argue that plaintiff should be required to construct and maintain fences so that defendants’ cattle and livestock would not stray. Plaintiff admitted that it was their policy to replace fences that were removed during the course of construction. Certainly this they will be required to do. The record contains no evidence that would support a monetary judgment to cover this item. If during the course of construction and after plaintiff should damage defendants’ fences this would be grounds for subsequent action for damages.
Defendants’ other demands were apparently abandoned because the only evidence in the record concerning the same were the unsupported statements of Mr. Burns.
For the above and foregoing reasons the judgment of the district court is hereby affirmed. Plaintiff is to pay the costs in the trial court as ordered by the district judge and defendants are to pay the costs of this appeal.
Affirmed.