YARRUT, Judge.
This case was consolidated with Cases Nos. 3339, 3340, 3341 and 3342, 220 So.2d 484-486. All are expropriation suits in which Plaintiff seeks a right-of-way for its electric transmission lines. All of the lands, except one tract, are similar in topography, being located between the Missis-sissippi River and the Airline Highway in St. Charles Parish.
The other tract is Tract No. 2 involved in Case No. 3339 and abuts Airline Highway.
The only issue involved in all the tracts, with the exception of Tract No. 2, is the value that should be accorded to the right-of-way taken. Tract No. 2 also involves the severance damage to the remainder of the property.
*483 The Trial Judge found that the highest and best use of the land taken, with the exception of Tract No. 2, was for the growing of timber, and assessed it at $1,000.00 an acre. The Trial Judge also decided that the value of the servitude was the full fee market value of the land. The valuation the Trial Judge placed on Tract No. 2 will be discussed in the companion Case No. 3339.
Plaintiff has taken an appeáT'in each case, contending that the valuation fixed in each case was excessive and should be reduced.
With regard to the land between the Mississippi River and Airline Highway, the valuation placed on it by the expert witnesses varies from $750.00 an acre to $5,000.00 an acre. The higher valuations were predicated on the theory that the highest and best use of the property was for residential subdivision development. However, the Trial Judge decided that the highest and best use of the land was for the growing of timber, and that its use as residential property was speculative and not within the foreseeable future.
Plaintiff contends: (1) That when only a right-of-way is expropriated a fair market value of the land should be 50% of its full fee value; and (2), that because part of the right-of-way is already burdened with a pipeline servitude it should be taken into consideration in fixing the value of the land.
With regard to the first contention, we find the Trial Judge was correct in assigning the full $1,000.00 value per acre for the right-of-way. In this respect, in his “Reasons for Judgment”, the Trial Judge stated:
“To clear land best suited for timber and keep it clear for a right-of-way vests only naked ownership in the grantor. This coupled with the legal proposition that timber native to and part and parcel of an encumbered right-of-way is necessarily included in the market value of the land and gives rise to no additional compensation for its removal makes it necessary that this Court, considering the use, topography and adaptability of the land, hold that the value of the servitude is the market value of the land. Texas Gas Transmission Corporation v. Broussard, 234 La. 751, 101 So.2d 657; Texas Pipe Line Corporation v. Barbe, 229 La. 191, 85 So.2d 260; Louisiana Power & Light Company v. Simmons, 229 La. 165, 85 So.2d 251.”
Furthermore, recent cases involving electrical transmission lines have awarded between 90% and 100% of the full fee value for the servitude. Gulf States Utilities Company v. Heck, La.App., 191 So.2d 761; Gulf States Utilities Company v. Moore, La.App., 197 So.2d 100; Louisiana Power & Light Company v. Ristroph, La.App., 200 So.2d 14, writs refused 251 La. 39, 202 So. 2d 654; Louisiana Power & Light Company v. Dekle, La.App., 200 So.2d 26, writs refused 251 La. 38, 202 So.2d 653; Louisiana Power &. Light Company v. Edward J. Gay Planting & Manufacturing Company, La.App., 200 So.2d 29, writs refused 251 La. 40, 202 So.2d 654.
This trend away from the 50% valuation is discussed in Louisiana Power & Light Company v. Ristroph, supra.
All of Defendant’s witnesses agreed that the land expropriated would be virtually useless to the owners after the exercise of the servitude, being totally unfit for the growing of timber or for residential purposes in the future. The Trial Judge was not manifestly erroneous in relying on the unanimous valuation of the Defendant’s experts.
With regard to the second contention, i. e., that part of the land is already burdened by a pipeline servitude, it is clearly apparent that the Trial Judge took this servitude into consideration in assigning the fee value of the land taken.
Accordingly, we agree that the valuation of the land at $1,000.00 an acre by the *484 Trial Judge was proper and should not be changed.
Therefore, the judgment appealed from is affirmed; Plaintiff to pay all costs in both courts.
Affirmed.