AYRES, Judge.
This is an expropriation proceeding, a companion case to that of Southwestern Electric Power Company v. Lewis P. Conger at ux, La.App., 307 So.2d 380, with which it was consolidated as a matter of convenience for argument in this court. From a judgment in plaintiff’s favor authorizing the expropriation and the fixing of an award of compensation for the rights and property taken, defendants appeal.
The basic issues, such as the authority of plaintiff to maintain this action and the necessity for the taking, were resolved adversely to defendants in the Conger case. Remaining for consideration, however, is the question of the adequacy of the compensation to which defendants are entitled for the rights and property expropriated, as well as a question with respect to severance damages allegedly sustained to the remainder of the defendants’ property.
Defendants own a tract of land comprising approximately 10 acres lying north of and fronting approximately 396 feet on U. S.Highway 80. The property is located about eight miles east of Bossier City. The servitude sought across this property for the natural gas line encompasses .57 of an acre, .42 of an acre of which lies within an existing electric-transmission right of way, leaving only .15 of an acre of additional right of way. The existing servitude and the one herein sought lie on one side of defendants’ property and thus do not effect a division thereof. A valve site 20 x 20 feet, to be fenced, is proposed to be constructed within the right of way. The taking necessitates the removal of an abandoned frame building.
Defendants’ property does not lie within any zoning area. There are, however, in the vicinity, single-family dwellings, mobile-home courts, small neighborhoods, commercial ventures such as grocery stores, filling stations, and automobile repair shops. Also prevalent are undeveloped areas fronting on the highway. In the opinion of Walter L. Hunter, one of plaintiff’s appraisers, the demand for commercial sites along the highway has declined since the location of Interstate 20 to the south of the property. Frank W. Grigsby, another of plaintiff’s appraisers, concluded the highest and best use of the property is for rural residential and agricultural purposes, as presently used. Hunter was in general accord with this conclusion. Neither witness found any potential commercial use for the property.
Comparable sales considered by plaintiff’s appraisers consisted of a sale in 1970 of the subject 10-acre tract wherein defendants acquired the property at a price of $1,500.00 per acre. Also considered were three sales in 1972, all of which fronted on U. S. Highway 80. The first involved a transfer of 64 acres at a price of $1,100.00 per acre; the second, an unimproved tract with a frontage of 660 feet at a price of $1,250.00 per acre; and the third, containing 37 acres at the corner of a local road, for $1,944.00 per acre. Another “comparable” was the sale in 1969 of a tract with 220 feet on the highway for a *392 price of $2,000.00 per acre. The witnesses estimated the value of defendants’ property in separate appraisements at $1,600.00 and $1,550.00, respectively, per acre.
For the .42 of an acre falling within the existing electric-transmission right of way, Hunter found that defendants had been previously compensated to the extent of 75% of the value of the servitude. He concluded that of the 25% remaining value, defendants sustained damages to the extent of one-half thereof, or in the sum of $81.00. For the .15 of an acre of new servitude, Hunter concluded, in considering the valve site, the taking comprised 90% of the value of the land. He accordingly concluded that defendants should be compensated $209.00 for that item. A temporary work space of .028 of an acre for a period of six months was estimated in the sum of $10.00. The frame building, which was to be removed from the right of way, was found by the witness, due to its obsolescence and depreciation, damaged to the extent of only $1,116.00. He concluded that ■ the sum of $1,416.00 was adequate as the just compensation to which defendants were entitled.
Grigsby estimated the market value of the acreage at $1,600.00 per acre. According to his computation, the taking of the .42 of an acre within the existing servitude entitled defendants to the sum of $84.00, $204.00 for the new right of way, and $1,070.00 for the old building, resulting in a total of $1,358.00 for the compensation and damages due to the taking.
Defendants’ witness O. L. Jordan appraised defendants’ property at $2,000.00 per acre.
The trial court found that $1,600.00 per acre represented the value of defendants’ property in fee, and allowed the sum of $84.00 for the .42 of an acre inside the old right of way, $180.00 for the .15 of an acre outside the old right of way, or a total of $264.00 for the entire .57 of an acre; $1,-950.00 for the old unused filling-station building, $25.00 for the estimated six-month use of the temporary work area, and $500.00 for the fenced valve station, the total of which comprised $2,739.00.
From our review and consideration of the entire record, we not only find no manifest error in the aforesaid conclusions but are of the opinion that they are correct.
Defendants complain, however, that they were not allowed severance damages to the remainder of their property and contend they should ipso facto be allowed such damages. Severance damages in instances of this character represent the difference between the market value immediately before and after the taking occasioned by the expropriation. The burden is upon defendants to show the market value of the property before and immediately after the expropriation in order to establish the quantum of their severance damages. Texas Gas Transmission Corporation v. Broussard, 234 La. 751, 101 So.2d 657 (1958); Texas Pipe Line Company v. Barbe, 229 La. 191, 85 So.2d 260 (1955); United Gas Pipe Line v. Schwegmann, 267 So.2d 247, 250 (La.App., 4th Cir., 1972).
There is no evidence in the record from which we can conclude there has been a diminution in the value of defendants’ property or the amount or extent thereof by virtue of the taking, or the use to which it is to be put. A preponderance of the testimony is that severance damages were not occasioned to any extent or in any sum by the expropriation.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellee’s costs.
Affirmed.