SHORTESS, Judge.
On May 10, 1972, the State of Louisiana, through the Department of Highways (State) brought this suit against Bobby W. Harris (appellee) and expropriated .673 of an acre from appellee’s 1.25-acre unimproved tract in Livingston Parish, Sections 44 and 45, Township 7 South, Range 2 East, Greensburg Land District. The State proceeded according to its quick-taking powers of eminent domain (R.S. 48:441, et seq.) and deposited $875.00 in the registry of the court as its estimate of just compensation for the tract taken. The property was needed for the improvement of the Port Vincent-Denham Springs Highway, Louisiana 1032. The taking split the property and left two remainders, one measuring .30 of an acre and the other .130 of an acre.
On May 20,1976, appellee filed an answer and reconventional demand and made the following allegations relative to his damages:
“Value of Whole as of 5/8/72. $2,094.00
Value of Whole as of 5/5/76 (For computing severance damages) .... 4,125.00
Value of remainder, after taking ... 602.00
Less: Value of part taken. 1.127.00
SEVERANCE DAMAGES. $2,296.00”
On the day of trial, February 24, 1981, appellee filed an amending and supplemental answer and reconventional demand with court approval and revised his estimates of damages as follows:
“Value of the Whole as of May 8,1972 $2,049.00
Value of the Whole as of May 8,1979
(For Computing Severance Damages) 8,425.00
Value of Remainder After the Taking
(as of May 8,1972) 602.00
Less Value of the Part Taken (as of
May 8,1972) 1.127.00
SEVERANCE DAMAGES $6,696.00”
One expert witness was called to testify. James E. Carpenter, stipulated to be a real estate appraiser and accepted as such by the court, testified for appellee. He placed a value on the subject property of $1,675.00 per acre at the time of the taking. The part taken amounted to .673 of an acre, which gave him $1,127.00 as the value of the part taken. The State, by stipulation, conceded this value.
The only remaining issue is whether the remainders suffered severance damages. The State contended that there were no severance damages because the remainders could still be used for their highest and best use. Carpenter testified that the properties’ highest and best use was rural residential. He also felt no one would build a residence on either of the remainders because of their size and that the remainders’ only value would come from being absorbed by adjacent properties. His value of $602.00 for the remainders was also stipulated. Carpenter also testified that he had reworked his estimate of severance damages several times. His last estimate, as of May 8, 1979, was $6,696.00.[1]
The State called no expert witnesses and stipulated that the value of the whole property at the time of the taking was $2,049.00; the value of the part taken was $1,127.00; and the value of the remainder was $602.00.
The trial judge rendered and signed judgment in favor of appellee and found severance damages to be $6,696.00, subject to a credit for the deposit previously paid. No award was made by the trial court to reimburse appellee for the part taken.[2]
In State, Department of Highways v. Potter, 204 So.2d 308 (La.App. 1st Cir.1967), we had the occasion to define severance damages:
“Severance damages have been clearly defined as the difference between the market value of the condemned land immediately before and immediately after *723 the expropriation. State Through Dept. of Highways v. Williams, La.App., 131 So.2d 600; State, Through Dept. of Highways v. Gani, La.App., 138 So.2d 683; State, Through Dept. of Highways v. Davis, La.App., 149 So.2d 164; State, Through Dept. of Highways v. Huson, La.App., 166 So.2d 3; State, Through Dept. of Highways v. Lancon, La.App., 174 So.2d 257; Central La. Electric Co. v. Williams, La.App., 181 So.2d 844; Gulf States Utilities Co. v. Norman, La.App., 183 So.2d 421; State, Through Dept. of Highways v. Babineaux, La.App., 189 So.2d 450; and State, Through Dept. of Highways v. Fontenot, La.App., 194 So.2d 404.” 204 So.2d at 315.
The appellee argues that R.S. 48:453, as it existed at the time of the taking, was statutory authority to determine the value of severance damages as of the date of trial:
“The market value is determined as in general expropriation suits but as of the time the estimated compensation was deposited in the registry of the court.
“Damage to the remainder of the property is determined as of the date of the trial.”
“In either case, the defendant has the burden of proving his claim.”
The trial court was clearly in error in accepting appellee’s argument and using it as the basis for its award of severance damages, but was correct in finding that damages were due. State, Department of Highways v. Potter, supra.
The case law has consistently held that damages will be determined by calculating the difference between market value immediately before and immediately after the expropriation. Damages are not fixed until the date of trial because in most cases it is impossible to determine if there will be damages until after the improvements are in place. For example, special benefits may inure to the property as a result of improvements and reduce or even eliminate damages in some cases. In this regard, see State, Department of Highways v. Wells, 308 So.2d 774 (La.1975), where Justice Tate said:
“Although La.R.S. 48:453 provides that, in quick-taking expropriations, severance damages should be determined as of the date of the trial, this provision (in the light of the initial statutory scheme that such damages be determined after construction of the improvement is accepted, La.R.S. 48:451(1), see 26 La.L.Rev. 102-03 (1965)) ‘ * * * was statutorily intended to specify that the damages the remainder suffers should be reduced by special benefits which result to it from the completion of the highway construction, not to deprive the landowner of compensation for damages sustained by his tract because of any general increase in the value of land between the taking and the trial.’ ” 308 So.2d at 776.
Earlier, in State, Through Department of Highways v. Hoyt, 284 So.2d 763 (La.1973), again, Justice Tate, speaking for the court, said:
“Severance damages are ordinarily calculated as the difference between the market value of the remaining property immediately before and immediately after the taking. State, Department of Highways v. Central Realty Investment Company,- 238 La. 965, 117 So.2d 261 (I960).” 284 So.2d at 766.
The facts in Hoyt indicated that the landowner’s two expert appraisers testified that the property had lost 50% to 60% of its highest and best use as a service station property because of the taking. The value of the remainder before the taking was $24,520.00. Justice Tate, in accepting the appraiser’s testimony, said the landowners were entitled to 50% of the value of the remainder, or to $12,260.00. He used the value of the remainder before the taking to determine damages.
Our examination and analysis of the record and the applicable jurisprudence convince us that the following calculations are proper:
Value of whole as of 5/10/72 before
the taking $2,049.00
Value of part taken as of 5/10/72 - 1.127.00
Value of remainder before the taking 922.00
Stipulated value of remainder
immediately after taking - 602.00
Severance Damages $ 320,00
*724 Value of part taken + 1.127.00
Total Compensation due appellee $1,447.00
A deposit of $875.00 was made and withdrawn in this case. This must be deducted from the total compensation awarded, leaving $572.00, plus interest from the date of taking to September 12, 1980, at 7% per annum, and from September 12, 1980, until paid at 10% per annum.
The State also contests the trial court’s award of $850.00 as expert witness fee to Carpenter. He was the only expert witness to testify, and, although we find his reasoning regarding severance damages to be erroneous, the State must concede that it accepted and stipulated to his evaluations, i.e., value of the property before the taking, value of the part taken, and value of the remainder after the taking. The trial court was justified in its award of this fee. The judgment is affirmed as amended herein and costs in the sum of $1,207.75 are taxed to the State.
AFFIRMED, AS AMENDED.

. Carpenter did not satisfactorily explain this figure. Standing by itself, it is not helpful because it uses current value for the whole property, but uses 1972 values, for the part taken and the remainders. ,

. No appeal was taken from that portion of the judgment which failed to give appellee recovery for the value of the part taken, so judgment to that extent has become final. However, the State in oral argument requested that we allow $1,127.00 for the value of the part taken in disposing of this case.