BAILES, Judge Pro Tem.
This is an expropriation proceeding in which the State of Louisiana, through the Department of Highways, has appealed that portion of the trial court’s judgment awarding the defendant landowner, Frank Sotile, severance damages to a portion of his property remaining after the taking. The landowner answered the appeal, asking for an increase in the award of adequate and just compensation for the expropriated property. Plaintiff instituted this suit on March 11, 1969 and expropriated .859 acre from appellee Frank Sotile. This property was required for the construction of a two-lane service road along the perimeter of a proposed interchange for the Donaldsonville-Sunshine Bridge Highway. Plaintiff deposited the sum of $1,718 into the registry of the court as its estimate of just compensation for the taking. Appellee withdrew this sum without prejudicing his rights to contest the amount deposited in accordance with existing statutory provisions.
*874 Appellee’s answer claims his remaining property sustained severance damages totaling $62,400, $25,000 for loss of culverts, roads and drainage facilities, and $50,000 for disruption of his farm operation, damage to crops and drainage.
The trial court awarded appellee severance damages of $45,000, crop damages totaling $1,550, for a total award of $46,550, less the sum of $1,718 deposited by plaintiff for the .859 acre taken. The trial court rejected the demands of appellee for an increase in the compensation for the actual land expropriated, since his pleadings did not ask for an increase in compensation for the value of the land expropriated, and proper objection had been made by the plaintiff to any testimony tending to enlarge the pleadings on the issue of the value of the .859 acre tract expropriated.
At the time of the institution of this suit, Mr. Sotile was the owner of 76 acres of land lying north of the west bound lanes of travel of the four-lane Donaldsonville-Sunshine Bridge Highway. This 76 acre tract of land contained approximately 600 feet of direct access frontage to this highway.
Prior to the construction of the Donald-sonville-Sunshine Bridge Highway, appel-lee was the owner of a tract of land containing approximately 120 acres near Don-aldsonville, Louisiana, running from the Mississippi River to a point south of the Illinois Central Railroad right of way. On June 21, 1968, Mr. Sotile conveyed to the plaintiff a portion of this tract of land needed for the construction of a four-lane highway and accompanying interchange in connection with the Department’s Donald-sonville-Sunshine Bridge Highway project.
The sales agreement contained the following special provision:
“It is agreed and understood that access to the highway from the adjoining remaining property will be allowed at all times, subject only to approval and permission granted by the Permit Engineer of the Department of Highways.”
A short time after the conveyance by Mr. Sotile, the Department of Highways changed its plans with reference to this project and determined a need to construct a frontage or service road paralleling the west bound lanes of the Donaldsonville-Sunshine Bridge Highway, necessitating the expropriation of a strip of land approximately 60 feet in width along the entire 600 feet of defendant’s frontage. As a result of this expropriation, Mr. Sotile now has comparable frontage on a two-lane service road, but no direct access to or frontage on the main highway. Based upon the testimony of the landowner’s experts, Mr. Kermit Williams and Mr. Calvin Casteigne, the trial court determined that the expropriation changed the market character of defendant’s property from its previous highest and best use of commercial to a market character of industrial or residential.
The plaintiff’s appraiser, Mr. Chester Driggers, testified that the highest and best use of Mr. Sotile’s 76 acre tract of land fronting on the highway prior to the expropriation was for industrial purposes or residential development, and after the taking, the two-lane service road was equally desirable or superior to the original access available to this tract of land. In summary, Mr. Driggers testified that as a result of the taking, there was no effect on the highest and best use of Mr. Sotile’s property.
Mr. Kermit Williams and Mr. Calvin Casteigne, the defendant’s appraisers were of the opinion that the highest and best use of the front Si/2 to 7 acres of Mr. Sotile’s property prior to the taking was for commercial or shopping center type development. Both of these witnesses were of the opinion that as a result of the taking and proposed construction for the two-lane service road, Mr. Sotile’s property no longer had direct access to the Donaldsonville- *875 Sunshine Bridge Highway, and with the removal of direct access to this highway, the property was no longer suitable for commercial or shopping center type development. They testified that after the taking, the highest and best use of the property was industrial or residential.
The trial court in written reasons for judgment rejected the testimony of Mr. Driggers as to the highest and best use of the property prior to the taking, and accepted the testimony of Mr. Williams and Mr. Casteigne. The trial court stated that this property was strategically located between the City of Donaldsonville and the Sunshine Bridge. In the area east of the property, there existed the Donaldsonville Country Club, a subdivision, a trailer park, and several commercial establishments and was located near the interchange with the highway to Assumption Parish, and was virtually the only tract of land between the Sunshine Bridge and the City of Donald-sonville which was both suitable and available for commerical development. All property on the east between the subject property and the bridge is located in an industrial district created by the Ascension Parish Police Jury in which commercial development is not permitted, and the property lying to the west between Mr. Sotile’s property and the City of Donaldsonville consists of large sugar cane plantations whose owners have traditionally refused to subdivide or sell off portions of their plantations for commercial development.
The trial court accepted the testimony of Mr. Kermit Williams and Mr. Calvin Cas-teigne that Mr. Sotile’s property sustained severance damages since its market character had been changed from commercial to industrial or residential after the taking. The plaintiff assigns as the sole error the award of severance damages by the trial court. The Department contends that the trial court erred by accepting the opinions of Mr. Williams and Mr. Casteigne without having the benefit of one comparable sale from these experts to support their opinions that the commercial character of Mr. Sotile’s tract was effectively destroyed by the construction of a two-lane road taking away the direct access to the Donald-sonville-Sunshine Bridge Highway formerly enjoyed by subject property.
We think applicable to the instant situation is the rule announced by the Supreme Court in State, Department of Highways v. Garrick, 260 La. 340, 256 So. 111 (1972), as follows:
“Whether in a particular case damages shall be awarded after an expropriation depends on whether the property was actually damaged by the public work. The resolution of this question depends usually not on some sophisticated definition of ‘severance damages,’ but upon the quality of the proof in the case. In the cases before us the proof is opinion evidence by the appraisers. In the opinion of the State’s, appraisers, the remainders were not damaged. Defendant’s appraisers were of the opposite opinion. The trial court found the opinions of defendant’s witnesses to be adequately supported . . .”
In State of Louisiana, through the Department of Highways v. Hunt, 219 So.2d 602 (La.App. 1st Cir. 1968), we stated:
“Opinions of witnesses regarding valuation of property taken or severance damages incurred in an expropriation proceeding are acceptable and will be considered by the courts only when founded upon sound reasoning supported by the facts of the individual case.”
The Department of Highways criticizes defendant’s appraisers because of their failure to utilize comparable sales as their basis for arriving at severance damages. Granted comparable sales would be the most convincing foundation for experts’ opinions, however, such sales are not a prerequisite or essential where sound *876 reasoning is the basis for their opinions as to severance damages.
The position taken by the appellant is similar to that taken in the recent case of State, Department of Highways v. Stein, 301 So.2d 384 (La.App. 4th Cir.). In Stein, the court quoting from State, Department of Highways v. Burden, 180 So. 2d 784 (La.App. 1st Cir. 1965), and cited with approval in State, Department of Highways v. Neyrey, 186 So.2d 705 (La.App. 4th Cir. 1966), stated:
“‘We, like the learned trial judge, know of no way to fix the severance damages except by the testimony of the expert appraisers who testified on that subject. The plaintiff’s witnesses testify there was no severance damage and therefore we are left only with the testimony of the defendants’ witnesses as to the severance damages.’ ”
Taking into consideration the above legal principles, and after a thorough review of the record, we conclude that the trial court did not commit error in accepting the testimony of Mr. Casteigne and Mr. Williams and rejecting the testimony of Mr. Chester Driggers.
In computing the amount of severance damages due, Mr. Kermit Williams characterized the front 5i/¿ acres of defendant’s property as suitable for commercial development and fixed a value of $15,000.00 per acre therefor prior to the taking. After the taking, Mr. Williams characterized the property as suitable for residential or industrial purposes and fixed its value at $2,000.00 per acre.
'Defendant’s other expert witness, Mr. Casteigne, found the commercial value of Mr. Sotile’s property prior to the taking to be as follows: the first 300 feet in depth (4.5 acres) was valued at $13,000.00 per acre, and the next 200 feet in depth (2.76 acres) at $11,000.00 per acre. He fixed the after taking value of these tracts at $2,000.00 per acre. Both of the defendant’s expert witnesses considered an identical comparable sale in arriving at their value of the property prior to the taking. This sale was referred to as the Acosta-Mitchell transaction for ■ the Sunshine Shopping Center. It was a sale of five acres at a price of $11,000.00 per acre. Accepting this as a comparable, the trial judge found that the front five acres of the property prior to the taking had a highest and best use suitable for commercial development and determined the fair market value of this property prior to the taking to be $11,000.00 per acre. Further accepting the findings of these experts, the trial judge determined the value of the front five acres after the taking to be $2,000.00 per acre. He then awarded the defendant the sum of $45,000.00 in severance damages. We find no error in the approach taken by the trial judge, however, we do find that he committed an error in the computation of the award.
Defendant answered this appeal praying for an increase in the award of the property expropriated from $1,718.00 (the amount deposited by the Department of Highways), to $9,449.00 (.859 acre at a value of $11,000.00 per acre).
In his written reasons, the trial judge stated that the defendant’s pleadings did not allege or pray for an increase in compensation for the value of the land expropriated, and that proper objection had been made by the Department of Highways to any testimony which might enlarge the pleadings on the issue of the value of the .859 acre tract expropriated. In our close review of the record we fail to find where the Department of Highways made any objection to testimony by the defendant’s appraisers concerning the value of the property expropriated. Failure of the Department of Highways to object to this enlargement of the pleadings, properly placed the issue of additional compensation for the tract expropriated before the court as provided by LSA-C.C.P. Article 1154, and *877 accordingly, we compute the award due defendant, as follows:
Taking .859 acres at $11,000.00 per acre $ 9,449.00
Crop damage 1,550.00
Total land affected by the taking, 5 acres, less part taken .859. Remainder after taking, 4.141 acres. Value per acre prior to taking, $11,000.00 per acre. Value after taking, $2,000.00 per acre. Net diminution In value per acre, $9,000.00.
Severance 4.141 acres X $9,000.00 37,269.00
$48,268.00
Less deposit 1,718.00
Net amount due defendant $46,550.00
For the foregoing reasons, there is judgment herein in favor of defendant, Frank Sotile, and against the plaintiff, State of Louisiana, Department of Highways, in the full sum of $46,550.00, together with legal interest of seven percent thereon from date of judicial demand until paid. Plaintiff-appellant is cast for all court costs for which it is liable under the law.
Amended, and as amended, affirmed.