317 So.2d 264 (1975)
SOUTHWEST LOUISIANA ELECTRIC MEMBERSHIP CORPORATION, Plaintiff-Appellant,
v.
Joseph (Joe) HUVAL et al., Defendants-Appellees.
No. 5063.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Rehearing Denied August 28, 1975.
Writ Refused October 24, 1975.
*265 Davidson, Meaux, Onebane & Donohoe by J. J. Davidson, III, Lafayette, for plaintiff-appellant.
Bean & Rusch by James W. Bean, Lafayette, for defendants-appellees.
Before HOOD, CULPEPPER and WATSON, JJ.
WATSON, Judge.
Plaintiff, Southwest Louisiana Electric Membership Corporation, hereafter "Slemco", filed this expropriation suit to acquire a servitude for electric transmission lines with a capacity of 138,000 volts. Made defendants were the landowners, Joseph (Joe) Huval, Mrs. Chester Chiasson, Mrs. John B. Baudoin, Mrs. Herbert C. Calkins, Patrick Carl Huval, Mrs. Moore Guchereau, Mrs. Eucharist Mouton, Mrs. Dupre J. Lapointe and Joseph Ernest Huval. The necessity of the taking was not contested. The value of the land and the question of severance damages were litigated. Before the taking, defendants' land included approximately 503 acres.
The trial court awarded defendants $51,224.40 or $3,400 per acre for 15.066 acres. Although only 14.4 acres were actually within the right-of-way, two tracts of .395 acre and .271 acre were isolated from the rest of defendants' property and rendered completely unusable. They were thus included in the property taken. Severance damages were fixed at $50,560.38: 30% of the value of $3,400 an acre assigned to the 49.569 acres lying within 200 feet on each side of the servitude. Expert witness fees for defendants' experts were fixed at $750 for Preston Babineaux and Joe Anzalone; $300 for Jesse Guidry; and $100 for Emery Domingue.
Slemco has appealed, contending that the trial court erred: (1) in finding $3,400 per acre to be the fair market value of the subject property; (2) in finding defendants' property suffered severance damages; and (3) in awarding Joe Anzalone an expert witness fee of $750.
I. The conclusion of the trial court that the subject property is worth $3,400 per acre is well supported by the evidence. All witnesses agreed that the highest and best use of the property is as a residential subdivision.
Gene N. Cope and Dan C. Ritchey testified on behalf of plaintiff. Both appraised the property at $3,000 per acre. One of the comparables considered by Cope was a sale on May 15, 1972, almost exactly two years before the taking of the subject property. This sale of 96 acres was at one time a part of the parent tract and sold for $3,240 per acre. Cope testified that the particular servitude sought here by Slemco would leave virtually no rights in the naked owners because the proposed construction included an H-frame central line and two distribution lines, one on each side of the main line. Cope included the two small triangular portions of .395 acre and.271 acre in the servitude itself, the total area effectively taken being 15.066 acres.
Ritchey testified that the May 15, 1972, sale was not actually at $3,240 an acre but closer to $2,500 per acre because no interest was paid for five years by the buyer. He said that there had been terrific escalation of property values in the area of the taking which could be conservatively and arbitrarily figured at 8% a year. Ritchey agreed with Cope's evaluation of $3,000 per acre.
Preston J. Babineaux, Joe Anzalone and Emery Domingue testified for defendants. The parties stipulated that the testimony of *266 Jesse J. Guidry would be the same as that of Babineaux.
Babineaux used various comparable sales to estimate the value of the subject property at $4,000 per acre. Anzalone used no comparable sales but testified on the basis of extensive experience in real estate development that the subject property was worth $4,500 per acre.
The trial court heard and weighed the conflicting evidence of the various witnesses as to the value of the property. We find no error in its conclusion that the property is worth $3,400 an acre.
II. Plaintiff contends that the trial court erred in finding that defendants proved severance damages to the subject property.
The trial court found severance damages of 30% to the area lying within 200 feet on both sides of the right-of-way. This is in accord with our recent decision in Southwest Louisiana Electric Mem. Corp. v. Beck, 299 So.2d 411 (La.App. 3 Cir. 1974); writ denied La., 302 So.2d 30; a case involving virtually identical facts.
Appraiser Cope introduced photographs of homes in the Lafayette area, stating that these photographs show no reluctance on the part of the public to use property adjacent to electric transmission lines. Cope admitted that the photographs did not prove that the property had not diminished in value but only that people would live next to transmission lines. Cope also testified as to various comparables allegedly showing no diminution in value as a result of the existence of power lines.
Cope did state that, given a choice between two pieces of property, one with a power line and one without, his personal preference would be for the one without the power line. He agreed that the majority of people perhaps had the same preference. He admitted that the market for such property might be limited.
Ritchey confirmed Cope's testimony that there is no public reluctance to live adjoining power transmission lines. Ritchey also testified that, given a choice between two equal pieces of property, he would prefer the one without the servitude. He said that a lot of people in the marketplace will not buy property burdened with a servitude, and that, given two identical pieces of property, one without a servitude would be easier to sell.
Anzalone testified that the public is afraid of high voltage power lines. Anzalone testified on the basis of extensive experience in real estate that electric transmission lines damage the value of subdivision property. He felt that the subject 500 acre tract would be damaged by the servitude to the extent of $100,000. He said it was difficult to find a true comparable because tracts of that size were not available for sale.
Babineaux testified that there was a 30% loss in value of the subject property as a result of the taking. He noted that a subdivision with an electric transmission line going through it results in lower priced homes than you have in a subdivision without such lines.
Emery Domingue, a civil engineer and registered land surveyor, said he had extensive experience in laying out subdivisions. He testified that this servitude would reduce the yield of lots per acre in subdividing the subject property by 24%.
The testimony of these experts confirms the obvious, that the immediate proximity of high voltage electric lines reduces the desirability and value of property for residential purposes. Southwest Louisiana Electric Mem. Corp. v. Beck, supra.
In weighing the evidence as to severance damages, the trial court pointed out that *267 Cope's experience in the sale and purchase of realty is limited whereas Babineaux has considerable expertise in subdivision development and buying and selling real estate. The trial court concluded that severance damages of 30% to the area lying within 200 feet of either side of the right-of-way was proved by a preponderance of the evidence. We agree.
III. Slemco contends that Joe Anzalone did not make an actual appraisal of the subject property but merely testified as to his unsupported opinion. Therefore, plaintiff contends that this fee should be reduced from $750 to $150.
While it is true that comparable sales are not essential as a basis for an appraiser's expert opinion, [State, Department of Highways v. Sotile, 309 So.2d 873 (La.App. 1 Cir. 1974)], there is no showing that Anzalone spent time which would justify allowing a fee for out of court expert services. An expert who makes no particular preparation but merely appears and testifies is limited to remuneration for his court appearance. Considering the circumstances, we think the trial court abused its discretion in awarding $750 and we reduce the expert witness fee of Anzalone to $150. It is ordered, adjudged and decreed that the expert witness fee of Joseph C. Anzalone be fixed at $150.
For the foregoing reasons, the judgment of the trial court is affirmed, except as amended as to the witness Anzalone's fee. All costs of this appeal are assessed against plaintiff-appellant, Southwest Louisiana Electric Membership Corporation.
Amended and affirmed.
HOOD, J., dissents from that part of the judgment rendered by the majority which awards severance damages, but concurs in the remainder of that judgment.