FORET, Judge.
This case involves an expropriation by the Southwest Louisiana Electric Membership Corp., also known as SLEMCO, of a servitude one hundred (100') feet in width (an *1281 H-framed transmission line formed of two poles with a cross arm and X-braces between them) from defendant Dupuis’s 173-acre tract of land situated in Lafayette Parish, Louisiana, the front portion of which was undeveloped and had a frontage of approximately fourteen hundred (1400') feet along U.S. Highway 167, and the rear portion of which was composed of lots and streets of a subdivision called Bellevue Plantation. The transmission line traversed that portion of defendant’s property situated between the Bellevue Plantation and U.S. Highway 167. SLEMCO and Du-puis agreed as to the plaintiff’s right to expropriate, as to the amount of acreage expropriated (7.32 acres), as to the highest and best use (commercial), and value ($20,-000.00 per acre), of the front portion of the subject tract, and as to the highest and best use (residential) of the rear portion of the subject tract. Thus the only contested issues were those of the value of the rear portion of the subject tract and severance damages, which issues the trial court resolved by ruling that defendant was entitled to $82,656.00 ($12,000.00 per acre for the rear portion) as just and adequate compensation for the servitude taken and to $70,368.00 as severance damages to the remaining acreage, particularly to that portion of defendant’s subject tract lying within two hundred feet of the outer perimeters of the servitude (which the trial court found to have suffered a 30% loss of value). From these rulings, SLEMCO perfected this appeal. We affirm.
I
VALUE OF REAR PORTION OF SUBJECT TRACT
On trial of this matter, five expert appraisal witnesses' — Misters Gene N. Cope, George Baker, Preston Babineaux, J. Y. Foreman, and Jesse Guidry — the former two on behalf of SLEMCO, and the latter three on behalf of defendant Dupuis, testified. Cope and Baker appraised the rear portion from $7,600.00 to $8,000,00 per acre and Babineaux, Foreman and Guidry from $12,000.00 to $14,000.00 per acre.
Defendant’s appraisers used the market data approach, a method by which fair market value is determined from a study of the sales of properties similar in characteristics to that of the subject tract. Their studies were conducted using comparable properties — those possessing like terrain, topography, location, size, frontage — and sales very recent in times to the date of the expropriation.
The award of the trial court of $12,000.00 per acre for the rear portion of defendant’s subject tract was thus based upon substantial facts, expert testimony, and was within the range of values as given by all of the experts who testified. For those reasons, we affirm this ruling of the trial court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
II
SEVERANCE DAMAGES
At trial, defendant’s experts, Babineaux and Guidry, estimated that the value of the subject tract after the taking was some $70,000.00 less due to severance damages. They testified that, based upon their experience in buying and selling properties, these damages were attributable to loss of frontage along U.S. Highway 167, of desirability, and of utility (loss of one tier of lots) of the subject property. SLEMCO’s appraisers, Cope and Baker, testified that the subject property suffered very little in the way of severance damages. Cope seemed to agree with the opinion of Babineaux and Guidry as to loss of desirability when he stated:
. The easiest [unencumbered or encumbered property] property to sell would be the one without the transmission line, or any other servitude on it.”
SLEMCO argues that Dupuis contends that severance damages are due as a matter of law to defendant; that its witnesses at trial produced photographs illustrating that residences are built in close proximity to transmission lines; and that none of the expert appraisal witnesses of defendant Du-puis produced comparables from which one *1282 could determine the amount of severance damages suffered due to an expropriation of a transmission line servitude.
In the case of Southwest Louisiana Electric Membership Corp. v. Huval, 317 So.2d 264 (La.App. 3 Cir. 1975), writ refused 320 So.2d 913 (La.), the facts were very similar to the case at hand. Photographs illustrating the existence of residences in close proximity to a transmission line were presented on behalf of SLEMCO; Cope, expert appraiser for SLEMCO, testified that given a choice to purchase one of two properties, one on which a transmission line servitude existed, and another in which it did not, he would choose the latter; Babi-neaux testified on behalf of the defendant-landowner; evidence was adduced that Cope had limited experience in the field of the sale and purchase of property whereas Babineaux had much experience in those endeavors. Reaching those factual conclusions, this Court stated:
“The testimony of these experts confirms the obvious, that the immediate proximity of high voltage electric lines reduces the desirability and value of property for residential purposes.” Huval, supra, at page 266, and citation omitted.
In the case of SLEMCO v. Beck, 299 So.2d 411, 414 (La.App. 3 Cir. 1974), writ refused 302 So.2d 30 (La.), this Court commented as follows upon the adequacy as evidence of similar photographs used as against the argument for severance damages:
“The fact that certain persons, due to insufficient finances or poor economic status, must purchase adjacent to certain servitudes does not offset or overcome the fact that the property adjoining and affected by transmission lines is usually rendered less valuable. In reality, persons choose to live near such servitudes only because they are unable to afford better and more expensive homesites.”
The clear weight of evidence adduced at the trial at hand was to the effect that the transmission line was of such dimensions so as to be readily apparent and unsightly to a prospective purchaser of a residential lot in the Bellevue Plantation subdivision; that its existence reduced the market value of the subject property in close proximity thereto; and that, accordingly, the subject property sustained a substantial loss as a result of the expropriation of the transmission line servitude.
For the foregoing reasons the judgment of the trial court is affirmed.
All costs of this appeal are to be borne by plaintiff-appellant, SLEMCO.
AFFIRMED.